UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

VEANKA McKENZIE,

                       Plaintiff,              07 Civ. 6714 (WHP)

    -against-

KUMIKI GIBSON, individually, the
STATE OF NEW YORK, and the NEW        **FIRST AMENDED**
YORK STATE DIVISION OF HUMAN        **COMPLAINT**
RIGHTS,

                       Defendants.        **Jury Trial Demanded**

----------------------------------------------------------x

       Plaintiff VEANKA McKENZIE, by her attorneys Lovett & Gould, LLP, for her first amended complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for monetary damages, proximately the result of conduct engaged in by Defendants while acting under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by 42 U.S.C. §1981 and 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. As to Plaintiff's Title VII retaliation claim, on or about May 8, 2007, she duly filed a Charge of Discrimination [No. 520-2007-02671] with the United States Equal Employment Opportunity Commission. At such time as the EEOC issues a notice of right to sue it is

1

Plaintiff's intention to seek the Court's permission to further amend this complaint. Within a matter of weeks following the EEOC filing Defendants took causally related retaliatory action against Plaintiff as set forth in detail *infra*.

## THE PARTIES

3. Plaintiff VEANKA McKENZIE is a forty year old female African-American attorney who for in excess of thirteen years has been employed as a member of the staff of the New York State Division of Human Rights. Prior to Gibson's appointment as Commissioner of the Division of Human Rights Plaintiff's job performance was consistently excellent.

4. Defendant KUMIKI GIBSON (hereinafter "Gibson" or "Commissioner"), who is sued in her individual and personal capacities only, effective on or about January 1, 2007, was duly appointed by the Governor of the State of New York as Commissioner of the Division of Human Rights. Gibson accurately self-describes as a "person of color".

5. Defendant STATE OF NEW YORK has, by means of the New York State Executive Law, operates on an illegal and discriminatory basis (age, gender, race) the Defendant DIVISION OF HUMAN RIGHTS (hereinafter "Division").

## THE FACTS

6. Shortly after Gibson became Commissioner and in January of 2007, she unilaterally imposed a calculatedly sexist dress code upon by reason of which females employed by the Division were forbidden to report to work wearing jeans - - while male

2

employees of the Division were expressly permitted to wear jeans in the workplace. In that connection to Gibson's actual knowledge Plaintiff non-disruptively expressed her opinion that that dress code was unlawful and constituted gender-based discrimination - - a circumstance that lead to the filing of an Improper Practice Charge against Gibson before P.E.R.B.

7. On or about February 9, 2007, Gibson held a telephone conference with approximately one hundred eighty Division staff members at which time she informed them that: i) she is a "person of color"; ii) she wants to hire "young" people; iii) she wants to hire "energetic" people; iv) she intends to diversify the Division workplace; v) that prospectively the Division will only provide services to "poor people"; vi) and that Martha Furlong (female, Caucasian, age sixty-three) and Michele Heitzner (female, Caucasian, sixty years of age) were being (and in fact then promptly were) terminated by her.

7. Following their terminations both Furlong and Heitzner duly filed Charges of Discrimination with the Equal Employment Opportunity Commission in which they set forth in detail the discriminatory details (age, race) of Gibson's February 7, 2007, pronouncement - - circumstances that promptly became the subject of a scathing criticism of Gibson in a nationwide news report, published by the New York Post and entitled "TOO OLD, TOO WHITE".

8. As a consequence of that news report Gibson embarked upon a strategically designed course of conduct intended to deflect her February 7, 2007, race and age-related hiring policy as a result of which she began and thereafter consistently has hired young Caucasian males who are self-proclaimed (in the Division workplace) homosexuals. By

way of attire in the workplace those individuals are permitted, with impunity, to wear jeans and from time to time cowboy hats.

9. Because of Plaintiff's age, her gender/sexual orientation, the New York Post article's highly critical report of Gibson overtly racist and ageist employment practices, the Charges of Discrimination filed by Furlong and Heitzner, and Plaintiff's expression of concern regarding Gibson's sexist dress code Gibson:

    a) Targeted Plaintiff and for purposes of retaliation had her removed from all of the job duties/responsibilites that she previously had,

    b) Re-assigned her to work directly for Gibson and in that connection forced Plaintiff to perform menial research assignments with impossible-to-meet abbreviated deadlines,

    c) Falsely accused Plaintiff of misconduct and/or insubordination because a complainant in a case that had been assigned to Plaintiff reported to the Governor's staff Gibson's unlawful "no-adjournment" policy as instituted by her (Gibson) through unethical *ex parte* communications with the Division's Administrative Law Judges,

    d) Illegally retained private counsel at State expense for the purpose of subjecting Plaintiff to several hours of "interrogation" intended to intimidate and silence her - - a result achieved,

    e) Repeatedly in writing and orally accused Plaintiff, without any basis in fact, of being unprofessional and/or incompetent,

    f) Publicly degraded her in the workplace and otherwise subjected her to a calculatedly hostile work environment which caused Plaintiff to become ill and prevented her from reporting to work,

g) Denied an otherwise routine request to permit Plaintiff to "borrow" co-worker's leave time needed by Plaintiff by reason of her work-related illness,

h. Illegally denied Plaintiff extended sick leave at one-half pay,

i. Illegally denied Plaintiff use of her accrued vacation and sick leave,

j. Terminated Plaintiff's medical insurance coverage, and *inter alia*,

k. Removed Plaintiff from the Division's payroll.

10. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: pecuniary loses including lost salary, retirement and other fringe benefits; public humiliation; public embarrassment; public shame; degrading work assignments; emotional upset; anxiety; irreparable damage to her professional career; discrimination by reason of her race; discrimination by reason of her gender; discrimination by reason of her age; retaliation for exercising her right to free speech; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST GIBSON

11. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

12. Under the premises Gibson's race discriminatory conduct violated Plaintiff's rights as guaranteed by 42 U.S.C. §1981.

## AS AND FOR A SECOND CLAIM
## AGAINST GIBSON

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

14. Under the premises Gibson's gender discriminatory policies, as implemented in the workplace, violated Plaintiff's right to Equal Protection as guaranteed by 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM
## AGAINST GIBSON

15. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "10", inclusive.

16. Under the premises Gibson's retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Awarding against the State and the Division such compensatory damages as the jury may determine,

b. Awarding against Gibson such compensatory and punitive damages as the jury may determine,

c. Declaring unlawful and permanently enjoining Gibson's gender-based dress code,

d. Awarding reasonable attorney's fees and costs, and,

e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      September 27, 2007

LOVETT & GOULD, LLP
By: _____
Drita Nicaj (DN 0966)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401
