UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VEANKA McKENZIE, | ) | |
| | ) | |
| Plaintiff, | ) | 07 Civ. 6714 (WHP) |
| | ) | |
| -against- | ) | SECOND AMENDED COMPLAINT |
| | ) | |
| KUMIKI GIBSON, individually, the STATE OF NEW YORK, and the NEW YORK STATE DIVISION OF HUMAN RIGHTS, | ) ) ) ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

Plaintiff Veanka McKenzie, by her attorneys John Ray & Associates, for her second amended complaint respectfully states:

NATURE OF THE ACTION

1.  This is an action for monetary damages, proximately the result of conduct engaged in by Defendants while acting under color of the laws of the State of New York, for violation of Plaintiff's rights as guaranteed by 42 U.S.C. §1981 and 42 U.S.C. §1983; and for violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §200e *et seq.* as amended), regarding unlawful discrimination regarding Plaintiff's race, gender and sexual orientation; and for violation of Plaintiff's right under the ADEA (29 U.S.C. §621 *et seq*).; and for retaliation against Plaintiff for having made claims respecting Defendants' discriminatory practices and for violation of Plaintiff's First Amendment rights regarding freedom of speech.

JURISDICTION

2.  The court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. Plaintiff duly filed a Charge of Discrimination (No. 520-2007-02671) with the United States Equal Employment Opportunity Commission on or about May 8, 2007.

3. The EEOC sent a Notice of Right To Sue to Plaintiff on November 29, 2007, received by Plaintiff on or about December 3, 2007.

## VENUE

4. Plaintiff resides in New York County, New York. Defendants' business is located in New York County and The Bronx County, New York. At all times, Plaintiff was employed by Defendants in New York County and The Bronx County. Venue properly lies in the Southern District of New York.

## THE PARTIES

5. Plaintiff Veanka McKenzie is a forty year old female African-American attorney who for in excess of thirteen years had been employed as a member of the staff of the New York State Division of Human Rights (NYSDHR).

6. Prior to Defendant Gibson's appointment as Commissioner of the Division of Human Rights, Plaintiff's job performance was consistently excellent.

7. Defendant Kumiki Gibson (hereinafter "Gibson" or "Commissioner"), who is sued in her individual capacity and as Commissioner of NYSDHR, effective on or about January 1, 2007, was duly appointed by the Governor of the State of New York as Commissioner of the Division of Human Rights.

8. Defendant State of New York is a sovereign state of the United States, and is responsible for the operation of the NYSDHR.

9. Defendant NYSDHR is an agency of the State of New York, formed and operating under and by virtue of the laws of the state of New York.

<u>AS A FIRST CAUSE OF ACTION</u>

10. Shortly after Defendant Gibson became Commissioner and in January of 2007, she unilaterally imposed a calculatedly sexist dress code upon NYSDHR attorneys by reason of which female attorneys employed by the Division were forbidden to report to work wearing jeans – while male attorneys of the Division were permitted to wear jeans in the workplace.

11. Such a policy was unlawfully discriminatory against females, including Plaintiff.

12. Such a policy was intended to and did unlawfully discriminate against females, including Plaintiff.

13. Such a policy was designed to and did cause females, including Plaintiff, to be considered as inferior to male employees, and to humiliate females including Plaintiff, and did so.

14. Such a policy diminished the conditions of employment for females, including Plaintiff.

15. Plaintiff refused to be humiliated and degraded by said unlawful policy, by refusing to refrain from wearing jeans in the workplace.

16. Because of Plaintiff's aforesaid refusal, Defendants took steps to cause Plaintiff to be reduced in her terms and conditions of employment, and to be terminated. As part of the Defendants' acts, Defendants

   a) had Plaintiff removed from all of the job duties/responsibilities that she previously had;

    b) re-assigned her to work directly for Gibson and in that connection forced Plaintiff to perform menial research assignments with inordinately difficult and impossible-to-meet abbreviated deadlines;

    c) falsely and with intent to diminish Plaintiff's conditions and terms of employment, accused Plaintiff of misconduct and/or insubordination because a complainant in a case that had been assigned to Plaintiff reported to the Governor's staff Gibson's "no-adjournment" policy as instituted by Gibson;

    d) wrongfully and arbitrarily and capriciously retained private counsel at State expense and directed said counsel to subject Plaintiff to several hours of "interrogation" intended to intimidate and silence her and unlawfully discriminate against her, and to cause Plaintiff to leave or be terminated from her employment;

    e) repeatedly in writing and orally accused Plaintiff, without basis in fact, of being unprofessional and/or incompetent, in order to unlawfully discriminate against Plaintiff and to cause Plaintiff to leave or be terminated from her employment;

    f) publicly degraded her in the workplace and otherwise subjected Plaintiff to pernicious comments and harassment designed to unlawfully discriminate against Plaintiff and to cause Plaintiff to leave or be terminated from employment;

    g) denied an otherwise routine request by Plaintiff to permit Plaintiff to "borrow" co-worker's leave time needed by Plaintiff by reason of her work-related illness, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

    h) arbitrarily, capriciously and unlawfully denied Plaintiff extended sick leave at one-half pay, which denial was intended to unlawfully discriminate against Plaintiff and

to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

    i) arbitrarily, capriciously and unlawfully denied Plaintiff use of her accrued vacation and sick leave, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

    j) arbitrarily, capriciously and unlawfully terminated Plaintiff's medical insurance coverage, which termination was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

    k) arbitrarily, capriciously and unlawfully removed Plaintiff from the Division's payroll, which removal was intended to unlawfully discriminate against Plaintiff and intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment.

  17. By reason of the foregoing, Defendants violated Plaintiff's rights under Title VII aforesaid, and under 42 U.S.C. §1981 and 42 U.S.C. §1983.

  18. By reason of the foregoing, Plaintiff has been unlawfully caused to have her terms and conditions of employment altered to her detriment, and to be terminated, and to have suffered great mental anguish, and to have lost salary and benefits of her employment, including retirement and other fringe benefits, and to have lost her career opportunity, and to have suffered humiliation, embarrassment, intentional distress and anguish, all to her damages in a sum of at least $1,000,000.00 and said damages continue to accrue.

### AS A SECOND CAUSE OF ACTION

19. On or about February 9, 2007, Gibson held a telephone conference with approximately one hundred eighty Division staff members at which time she informed them that: i) she is a "person of color"; ii) she wants to hire "young people"; iii) she wants to hire "energetic" people; iv) she intends to diversify the Division workplace; v) that prospectively the Division will only provide services to "poor people"; vi) and that Martha Furlong (female, Caucasian, age sixty-three) and Michele Heitzner (female, Caucasian, sixty years of age) were being (and in fact then promptly were) terminated by her.

20. At the time that Defendant Gibson made the aforesaid statement, Plaintiff was over 40 years old. Her birth date is February 3, 1967.

21. Because of Plaintiff's age, Defendants targeted Plaintiff for adverse employment action. As part of that action, Defendants

   a) had Plaintiff removed from all of the job duties/responsibilities that she previously had;

   b) re-assigned her to work directly for Gibson and in that connection forced Plaintiff to perform menial research assignments with inordinately difficult and impossible-to-meet abbreviated deadlines;

   c) falsely and with intent to diminish Plaintiff's conditions and terms of employment, accused Plaintiff of misconduct and/or insubordination because a complainant in a case that had been assigned to Plaintiff reported to the Governor's staff Gibson's "no-adjournment" policy as instituted by Gibson;

   d) wrongfully and arbitrarily and capriciously retained private counsel at State expense and directed said counsel to subject Plaintiff to several hours of "interrogation"

intended to intimidate and silence her and unlawfully discriminate against her, and to cause Plaintiff to leave or be terminated from her employment;

    e)  repeatedly in writing and orally accused Plaintiff, without basis in fact, of being unprofessional and/or incompetent, in order to unlawfully discriminate against Plaintiff and to cause Plaintiff to leave or be terminated from her employment;

    f) publicly degraded her in the workplace and otherwise subjected Plaintiff to pernicious comments and harassment designed to unlawfully discriminate against Plaintiff and to cause Plaintiff to leave or be terminated from employment;

    g)  denied an otherwise routine request by Plaintiff to permit Plaintiff to "borrow" co-worker's leave time needed by Plaintiff by reason of her work-related illness, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

    h)  arbitrarily, capriciously and unlawfully denied Plaintiff extended sick leave at one-half pay, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

    i)  arbitrarily, capriciously and unlawfully denied Plaintiff use of her accrued vacation and sick leave, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

    j)  arbitrarily, capriciously and unlawfully terminated Plaintiff's medical insurance coverage, which termination was intended to unlawfully discriminate against Plaintiff

and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

      k) arbitrarily, capriciously and unlawfully removed Plaintiff from the Division's payroll, which removal was intended to unlawfully discriminate against Plaintiff and intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment.

22. By reason of the foregoing, Plaintiff has been unlawfully caused to have her terms and conditions of employment altered to her detriment, and to be terminated from employment, and to have suffered great mental anguish, and to have lost salary and benefits of her employment, including retirement and other fringe benefits, and to have lost her career opportunity, and to have suffered humiliation, embarrassment, intentional distress and anguish, all to her damages in a sum of at least $1,000,000.00 and said damages continue to accrue.

## AS A THIRD CAUSE OF ACTION

23. Defendants engaged upon the aforesaid conduct in order to unlawfully discriminate against Plaintiff due to her sexual orientation which Defendants regarded as heterosexual, and in favor of employment of persons of homosexual orientation, in violation of aforesaid Title VII and 42 U.S.C. §1981 and §1983.

24. By reason of the foregoing, Plaintiff has been unlawfully caused to have her terms and conditions of employment altered to her detriment, and to be terminated, and to have suffered great mental anguish, and to have lost salary and benefits of her employment, including retirement and other fringe benefits, and to have lost her career opportunity, and to have suffered humiliation, embarrassment, intentional distress and anguish, all to her damages in a sum of at least $1,000,000.00 and said damages continue to accrue.

## AS A FOURTH CAUSE OF ACTION

25. In or about February 2007, Plaintiff complained to her supervisor of Defendants' aforesaid unlawful conduct, and continued to complain to her supervisors thereafter until her employment terminated.

26. In or about May 2007, Plaintiff filed a complaint as to Defendants' aforesaid conduct with the EEOC.

27. As a consequence of Plaintiff's aforesaid complaints, Defendants retaliated against Plaintiff by engaging in the aforesaid conduct, including

a) had Plaintiff removed from all of the job duties/responsibilities that she previously had;

b) re-assigned her to work directly for Gibson and in that connection forced Plaintiff to perform menial research assignments with inordinately difficult and impossible-to-meet abbreviated deadlines;

c) falsely and with intent to diminish Plaintiff's conditions and terms of employment, accused Plaintiff of misconduct and/or insubordination because a complainant in a case that had been assigned to Plaintiff reported to the Governor's staff Gibson's "no-adjournment" policy as instituted by Gibson;

d) wrongfully and arbitrarily and capriciously retained private counsel at State expense and directed said counsel to subject Plaintiff to several hours of "interrogation" intended to intimidate and silence her and unlawfully discriminate against her, and to cause Plaintiff to leave or be terminated from her employment;

e) repeatedly in writing and orally accused Plaintiff, without basis in fact, of being unprofessional and/or incompetent, in order to unlawfully discriminate against Plaintiff and to cause Plaintiff to leave or be terminated from her employment;

f) publicly degraded her in the workplace and otherwise subjected Plaintiff to pernicious comments and harassment designed to unlawfully discriminate against Plaintiff and to cause Plaintiff to leave or be terminated from employment;

g) denied an otherwise routine request by Plaintiff to permit Plaintiff to "borrow" co-worker's leave time needed by Plaintiff by reason of her work-related illness, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

h) arbitrarily, capriciously and unlawfully denied Plaintiff extended sick leave at one-half pay, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

i) arbitrarily, capriciously and unlawfully denied Plaintiff use of her accrued vacation and sick leave, which denial was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

j) arbitrarily, capriciously and unlawfully terminated Plaintiff's medical insurance coverage, which termination was intended to unlawfully discriminate against Plaintiff and to intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment;

k) arbitrarily, capriciously and unlawfully removed Plaintiff from the Division's payroll, which removal was intended to unlawfully discriminate against Plaintiff and intimidate and silence her, and to cause Plaintiff to leave or be terminated from her employment.

28. By reason of the foregoing, Plaintiff has been unlawfully caused to have her terms and conditions of employment altered to her detriment, and to be terminated, and to have suffered great mental anguish, and to have lost salary and benefits of her employment, including retirement and other fringe benefits, and to have lost her career opportunity, and to have suffered humiliation, embarrassment, intentional distress and anguish, all to her damages in a sum of at least $1,000,000.00 and said damages continue to accrue.

## AS A FIFTH CAUSE OF ACTION

29. Defendants' aforesaid conduct was intended by Defendants to violate Plaintiff's right of free speech in public employment in violation of the First Amendment of the United States Constitution, by suppressing and extinguishing Plaintiff's speech regarding the sexist dress code of Defendants.

30. By reason of the foregoing, Plaintiff has been unlawfully caused to have her terms and conditions of employment altered to her detriment, and to be terminated, and to have suffered great mental anguish, and to have lost salary and benefits of her employment, including retirement and other fringe benefits, and to have lost her career opportunity, and to have suffered humiliation, embarrassment, intentional distress and anguish, all to her damages in a sum of at least $1,000,000.00 and said damages continue to accrue.

WHEREFORE, a judgment is respectfully demanded:

On the First Cause of Action,

    a.    For compensatory and punitive damages as the jury may determine,

    b.    Declaring unlawful the termination of Plaintiff and ordering that Plaintiff be restored to her employment with Defendant, and permanently enjoining Gibson's gender-based dress code,

    c.    Awarding reasonable attorney's fees and costs, and

On the Second Cause of Action,

    a.    For compensatory and punitive damages as the jury may determine,

    b.    Declaring unlawful the termination of Plaintiff and ordering that Plaintiff be restored to her employment with Defendant, and

On the Third Cause of Action,

    a.    For compensatory and punitive damages as the jury may determine,

    b.    Declaring unlawful the termination of Plaintiff and ordering that Plaintiff be restored to her employment with Defendant, and

On the Fourth Cause of Action,

    a.    For compensatory and punitive damages as the jury may determine,

    b.    Declaring unlawful the termination of Plaintiff and ordering that Plaintiff be restored to her employment with Defendant,

    c.    Awarding reasonable attorney's fees and costs, and

On the Fifth Cause of Action,

a. For compensatory and punitive damages as the jury may determine,

b. Declaring unlawful the termination of Plaintiff and ordering that Plaintiff be restored to her employment with Defendant,

c. Awarding reasonable attorney's fees and costs, and

Granting such other and further relief as to the Court seems just and proper.

Dated:  January 31, 2008
       Miller Place, New York

/s/
_____
John Ray, Esq. (JR5938)
John Ray & Associates
Attorneys for Plaintiff
122 North Country Road
P. O. Box 5440
Miller Place, New York 11764
(631) 473-1000