UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
VEANKA MCKENZIE,                                        :

                                                       :        07-CV-6714 (WHP)
                                    Plaintiff,          :
                                                                Electronically Filed
                - against -                             :

KUMIKI GIBSON, individually, the                       :
STATE OF NEW YORK, and the NEW
YORK STATE DIVISION OF HUMAN                            :
RIGHTS,
                                    Defendants.         :
-------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS


                              ANDREW M. CUOMO
                              Attorney General of the
                                State of New York
                              Attorney for Defendants
                              120 Broadway
                              New York, New York 10271
                              (212) 416-8560



BARBARA K. HATHAWAY
Assistant Attorney General
  Of Counsel

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT

      Standards Governing This Motion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      Summary Of The Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT I      PLAINTIFF'S SEX DISCRIMINATION CLAIM IS NOT
                COGNIZABLE AGAINST CERTAIN DEFENDANTS, AND
                FAILS BECAUSE REQUIRING PROFESSIONAL ATTIRE
                DOES NOT CONSTITUTE AN ADVERSE EMPLOYMENT
                ACTION, AND THERE IS NO FACTUAL SUPPORT FOR HER
                CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A.     The Title VII Claim Must Be Dismissed Against Commissioner Gibson,
        As There Is No Individual Liability Under The Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

B.     The Eleventh Amendment Bars The Section 1981 And 1983 Claim Against The State
        The Division, And The Commissioner In Her Official Capacity . . . . . . . . . . . . . . . . . . . 8

C.     The Section 1981 Claim Must Be Dismissed Against All Defendants Because
        Section 1983 Provides The Exclusive Remedy Against State Actors . . . . . . . . . . . . . . . 9

D.     Sex Discrimination Is Not Covered By Section 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

E.     The Division Policy To Dress Professionally Does Not Constitute An Adverse
        Employment Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

F.     The Sex Discrimination Claim Fails Because It Is Based On Conclusory And
        Implausible Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT II     PLAINTIFF'S AGE DISCRIMINATION CLAIM IS
             BARRED BY THE ELEVENTH AMENDMENT, MAY
             NOT BE ASSERTED AGAINST THE COMMISSIONER
             INDIVIDUALLY, AND IS NOT PLAUSIBLE, IN ANY EVENT . . . . . . . . . . 12

**Page**

POINT III     THE SEXUAL ORIENTATION DISCRIMINATION CLAIM
IS NOT COGNIZABLE UNDER EITHER TITLE VII OR
SECTION 1981, THE COMMISSIONER IS IMMUNE FROM
SUIT UNDER SECTION 1983, AND PLAINTIFF HAS
ALLEGED NO FACTS TO SUPPORT THE CLAIM . . . . . . . . . . . . . . . . . . . . 13

A. Sexual Orientation Discrimination Is Not Covered By Title VII . . . . . . . . . . . . . . . . . . . . . . 14

B. Sexual Orientation Discrimination Is Not Covered By Section 1981 . . . . . . . . . . . . . . . . . 14

C. The Eleventh Amendment Bars The Section 1981 and 1983 Claims Against The State
And The Division . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

D. The 1983 Claim Fails Because It Is Unsupported By Any Facts And The Commissioner
Is Immune From Suit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

POINT IV     PLAINTIFF'S RETALIATION CLAIM MUST BE DISMISSED
BECAUSE IT IS NOT COGNIZABLE AGAINST THE
COMMISSIONER, PLAINTIFF'S SELF-HELP VIOLATION
OF DIVISION POLICY ON PROFESSIONAL ATTIRE IS NOT
PROTECTED CONDUCT, AND SHE ALLEGES NO FACTS
SHOWING A CAUSAL RELATIONSHIP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

A. Plaintiff's Defiance Of The Division's Policy Was Not Protected Activity . . . . . . . . . . . . 17

B. The Complaint Fails To Allege Any Causal Relationship . . . . . . . . . . . . . . . . . . . . . . . . . . 18

POINT V     PLAINTIFF'S FIRST AMENDMENT CLAIM MUST BE
DISMISSED BECAUSE IT IS BARRED BY THE ELEVENTH
AMENDMENT, SHE ALLEGES NO FACTS INDICATING
ANY ACTION WAS TAKEN BECAUSE OF HER SPEECH,
AND HER ALLEGED SPEECH WAS NOT ON A MATTER
OF PUBLIC CONCERN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

A. Plaintiff's Free Speech Claim Is Speculative And Unsupported . . . . . . . . . . . . . . . . . . . . . . 21

B. Any Speech On The Division's Policy On Professional Attire Did Not Address A
Matter Of Public Concern . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

POINT VI     PLAINTIFF ALLEGES NO FACTS IN SUPPORT OF HER
RACE DISCRIMINATION CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

# TABLE OF AUTHORITIES

**CASES**                                                                              **Page**

ATSI Commc'ns., Inc. v. The Shaar Fund, Ltd.,
    493 F.3d 87 (2d Cir. 2007) ............................................................................................. 5

Alabama v. Pugh,
    438 U.S. 781 (1978) ...................................................................................................... 8

Barea v. State University of N.Y.,
    2006 U.S. Dist. LEXIS 46681 (N.D.N.Y. July 10, 2006) ................................................. 13

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955 (2007) ......................................................................................... passim

Benson v. N. Shore-Long Island Jewish Health System,
    482 F. Supp. 2d 320 (E.D.N.Y. 2007) ....................................................................... 8, 14

Burlington Northern & Sant Fe Railway v. White,
    548 U.S. 53, 126 S. Ct. 2405 (2006) ............................................................................. 17

Clark County Sch. District v. Breeden,
    532 U.S. 268 (2001) .................................................................................................... 19

Cory v. White,
    457 U.S. 85 (1982) ....................................................................................................... 8

Dawson v. Bumble & Bumble,
    398 F.3d 211 (2d Cir. 2005) ........................................................................................ 14

East Hartford Education Associate v. Board Of Education,
    562 F.2d 838 (2d Cir. 1977) ........................................................................................ 22

Edelman v. Jordan,
    415 U.S. 651 (1974) ...................................................................................................... 8

Ezekwo v. New York City Health & Hospital Corp.,
    940 F.2d 775 (2d Cir. 1991) ........................................................................................ 22

Ford Motor Co. v. Department of the Treasury,
    323 U.S. 459 (1945) ...................................................................................................... 8

Fox v. State University of N.Y.,
    497 F. Supp. 2d 446 (E.D.N.Y. 2007) ........................................................................... 13

Guanipa v. Bloomingdale's Department Stores,
    2000 U.S. Dist. LEXIS 17291 (S.D.N.Y. Nov. 28, 2000) ............................................ 14

Hollander v. American Cyanamid Co.,
    895 F.2d 80 (2d Cir. 1990) ............................................................................................ 19

Hurst v. PNC Bank,
    2004 U.S. Dist. LEXIS 7963 (E.D. Pa. May 5, 2004) ................................................... 10

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) ......................................................................................... 15

Jett v. Dallas Independent School District,
    491 U.S. 701 (1989) ........................................................................................................ 9

Jones v. Consumer Information Dispute Resolution,
    2007 U.S. Dist. LEXIS 60241 (S.D.N.Y. Aug. 15, 2007) .............................................. 5

Kentucky v. Graham,
    473 U.S. 159 (1985) ........................................................................................................ 8

Kimel v. Fla. Board Of Regents,
    528 U.S. 62 (2000) ........................................................................................................ 12

Knight v. City of New York,
    303 F. Supp. 2d 485 (S.D.N.Y. 2004), aff'd, 2005 U.S. App. LEXIS 23212
    (2d Cir. 2005) ................................................................................................................ 19

Koumantaros v. City University of New York,
    2007 U.S. Dist. LEXIS 19530 (S.D.N.Y. March 15, 2007) ............................................ 9

Lovell v. Comsewogue Sch. District,
    214 F. Supp. 2d 319 (E.D.N.Y. 2002) ........................................................................... 16

Martin v. N.Y. State Department of Correctional Services,
    224 F. Supp. 2d 434 (N.D.N.Y. 2002) ........................................................................... 14

Matter of Annex Hotel v. New York State Division of Human Rights,
    45 A.D.3d 360, 846 N.Y.S.2d 94 (App. Div. 2007) ........................................................ 2

Matter of Pepsico, Inc. v. Rosa,
    213 A.D.2d 550, 624 N.Y.S.2d 622 (App. Div. 1995) .................................................... 2

Miles v. Baruch College,
    2008 U.S. Dist. LEXIS 5534 (E.D.N.Y. Jan. 24, 2008) .................................................. 8

Mitchell v. Forsyth,
    472 U.S. 511 (1985) ...................................................................................................... 16

N.Y. State National Organization For Women v. Pataki,
    261 F.3d 156 (2d Cir. 2001) .......................................................................................... 2

Nicastro v. Runyon,
    60 F. Supp. 2d 181 (S.D.N.Y. 1999) ............................................................................ 19

Patane v. Clark,
    508 F.3d 106 (2d Cir. 2007) ........................................................... 5, 10, 11, 17

Pickering v. Board of Education,
    391 U.S. 563 (1968) ...................................................................................................... 21

Pugliese v. The Long Island R.R. Co.,
    2007 U.S. Dist. LEXIS 63879 (E.D.N.Y. Aug. 29, 2007) ....................................... 14, 15

Quern v. Jordan,
    440 U.S. 332 (1979) ........................................................................................................ 8

Reed v. A.W. Lawrence & Co.,
    95 F.3d 1170 (2d Cir. 1996) ......................................................................................... 18

Reuland v. Hynes,
    460 F.3d 409 (2d Cir. 2006) ......................................................................................... 21

Reyes v. City University of N.Y.,
    2007 U.S. Dist. LEXIS 55101 (S.D.N.Y. July 26, 2007) ........................................ 11, 19

Richardson v. Selsky,
    5 F.3d 616 (2d Cir. 1993) ............................................................................................. 16

Roberts v. Ward,
    468 F.3d 963 (6th Cir. 2006) ....................................................................................... 22

Roddini v. City University of N.Y.,
    2003 U.S. Dist. LEXIS 2549 (S.D.N.Y. Feb. 14, 2003) .............................................. 4, 9

Rolle v. N.Y. State Liquor Authority,
    2006 U.S. Dist. LEXIS 55821 (S.D.N.Y. Aug. 4, 2006) ................................................ 13

Romer v. Evans,
    517 U.S. 620 (1996) ...................................................................................................... 15

Rothman v. Gregor,
        220 F.3d 81 (2d Cir. 2000) ............................................................................................. 11

Runyon v. McCrary,
        427 U.S. 160 (1976) ....................................................................................................... 9

Ruotolo v. City of New  York,
        ___ F.3d ___, 2008 U.S. App. LEXIS 2551 (2d Cir. Feb. 6, 2008) ................................ 22

Santiago v. N.Y. State Department of Correctional Services,
        945 F.2d 25 (2d Cir. 1991) ............................................................................................. 8

Saucier v. Katz,
        533 U.S. 194 (2001) ................................................................................................. 15, 22

Savino v. City of New York,
        331 F.3d 63 (2d Cir. 2003) ............................................................................................ 15

Schiano v. Quality Payroll System,
        445 F.3d 597 (2d Cir. 2006) ............................................................................................ 8

Simonton v. Runyon,
        232 F.3d 33 (2d Cir. 2000) ............................................................................................ 14

Skehan v. Village of Mamaroneck,
        465 F.3d 96 (2d Cir. 2006) ............................................................................................ 21

Smith v. Texas Department of Water Resources,
        818 F.2d 363 (5th Cir. 1987) ......................................................................................... 18

Swierkiewicz v. Sorema N.A.,
        534 U.S. 506 (2002) ...................................................................................................... 11

Tomka v. Seiler Corp.,
        66 F.3d 1295 (2d Cir. 1995) ............................................................................................ 8

Washington v. County of Rockland,
        373 F.3d 310 (2d Cir. 2004) .......................................................................................... 21

Watts v. Services For The Underserved,
        2007 U.S. Dist. LEXIS 41209 (E.D.N.Y. June 6, 2007) ................................................... 5

Will v. Michigan Department of State Police,
        491 U.S. 58 (1989) ......................................................................................................... 9

**Federal Statutes**

42 U.S.C. § 1981 ............................................................................ 4, 6, 7, 8, 9,
10, 13, 14, 15

42 U.S.C. § 1981 & 1983 ................................................. 3, 9, 13, 14, 15, 20

42 U.S.C. § 2000e-2 (a) ..................................................................... 14

Title VII ....................................................................................... passim

**Federal Rules**

Rule 12 (b) (1) .................................................................................. 1

**State Statutes**

N.Y. Exec. Law §§ 293, 295 ................................................................. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VEANKA MCKENZIE,                                        :

                     07-CV-6714 (WHP)

              Plaintiff,              :

                     Electronically Filed

      - against -                                    :

KUMIKI GIBSON, individually, the                        :
STATE OF NEW YORK, and the NEW
YORK STATE DIVISION OF HUMAN                            :
RIGHTS,
             Defendants.             :
-----------------------------------------------------------------X

### DEFENDANTS' MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO DISMISS

#### Preliminary Statement

Plaintiff's complaint is baseless and facially defective, and should be summarily

dismissed on both legal and factual grounds.[1]  It asserts discrimination claims based on race,

gender, sexual orientation and age, a retaliation claim, and a First Amendment claim, but all of

these purported causes of action are barred as a matter of law. And, even if they were cognizable

(which they are not), they are undermined by plaintiff's own allegations and documents relied on

in the complaint. In short, plaintiff's complaint is filled with rhetoric, with no legal or factual

basis for liability, and, thus, it should be dismissed in its entirety pursuant to Rule 12 (b) (1) and

12(b)(6).

---

[1] References to the Complaint are to the Second Amended Complaint dated January 31,
2008, which shall be cited herein as "Compl."

## Statement of Facts

The New York State Division of Human Rights ("Division" or "Agency") is the State agency entrusted with enforcing New York's anti-discrimination laws in the areas of employment, housing, public accommodations, credit and sectarian educational institutions. See N.Y. Exec. Law §§ 293, 295. Kumiki Gibson, a woman of African-American and Japanese descent, became the Commissioner for the Division on or about January 1, 2007, appointed by the newly elected Governor, Eliot Spitzer. Since taking office, the Commissioner has implemented a number of new policies and procedures designed to more effectively manage the investigation and litigation of discrimination complaints filed by the public, to reduce the Division's backlog of cases, and to improve services generally, all of which had been the source of complaints about the Division for years before the Commissioner's tenure.[2]

Plaintiff is an African-American woman who was employed as an attorney for the Division. She has sued the Commissioner, the State of New York, and the Division under Title VII, 42 U.S.C. §§ 1981 & 1983, the Age Discrimination in Employment Act ("ADEA"), and the First Amendment.[3]

---

[2] See N.Y. State Nat'l Org. For Women v. Pataki, 261 F.3d 156, 166 (2d Cir. 2001) (rejecting class action claim that delays in processing DHR complaints violated constitutional due process on the merits, "without excusing New York's gross bureaucratic delays..."); Matter of Annex Hotel v. New York State Div. of Human Rights, 45 A.D.3d 360, 846 N.Y.S.2d 94 (App. Div. 2007) (reversing a finding holding the hotel liable for discrimination because the Division's "inexplicable 17-year delay between the filing of the complaint and respondent's final order caused substantial prejudice to [the hotel]...."); Matter of Pepsico, Inc. v. Rosa, 213 A.D.2d 550, 624 N.Y.S.2d 622 (App. Div. 1995) (reversing a determination of discrimination due to eleven year delay between filing the complaint and the determination).

[3]     Although plaintiff purports to sue defendants for race discrimination under Title VII and Sections 1981 and 1983, there is no cause of action delineated based on race. And, even after twice amending the complaint, the pleading is completely bereft of a single allegation

2

In her first cause of action, plaintiff claims that defendants discriminated against her on the basis of her sex, in violation of Title VII and 42 U.S.C. §§ 1981 & 1983.  She claims that defendants imposed a "sexist" dress code under which female attorneys were forbidden to wear jeans to work, while male attorneys were allowed to do so.  The fact of the matter is that the dress code to which plaintiff refers, as conveyed to staff orally on January 24, 2007, and then confirmed in an e-mail dated January 29, 2007, applied to all attorneys, not only female attorneys.  Hathaway Aff. Exs. A & B.  Indeed, the union grievance filed regarding the dress code challenges this policy solely on the basis that it was imposed without negotiation with the union - not that it applied only to females.  Hathaway Aff. Ex. C.

In her second cause of action, plaintiff, who is 40 years old, alleges that she was discriminated against by the Commissioner, who is 48 years old, on the basis of plaintiff's age.  Plaintiff alleges that the Commissioner stated, during a telephone conference with Division staff, that "she wants to hire 'young people.'" Compl. ¶ 19.[4]  Plaintiff claims that a number of actions were taken because of her age, including reassigning her job responsibilities, accusing her of misconduct, and subjecting her to an "interrogation" on these misconduct charges - a standard procedure under the union contract.  Elsewhere in her complaint, she claims that these same steps were taken as a result of her refusal to abide by the dress policy.  Compl. ¶¶ 16, 21.  Moreover, in a grievance filed on her behalf challenging her reassignment, plaintiff herself attributes the reassignment to her request for an adjournment of a hearing, in violation of the Division's new

---

indicating racial animus against plaintiff.

[4] If this case is not dismissed, defendants will show that the Commissioner made no such statement, during that meeting or at anytime during her tenure, and has hired individuals of all ages and races to staff the civil rights agency.

"no adjournment" policy - not to any form of discrimination. Hathaway Aff. Ex. D.

In her third cause of action, plaintiff contends that the aforesaid actions also constituted sexual orientation discrimination, in violation of Title VII, and 42 U.S.C. §§ 1981 and 1983. However, the complaint contains no allegations that persons of different sexual orientation were treated any differently.

Plaintiff further claims that defendants retaliated against her for complaints to her supervisor in or about February, 2007, and her complaint to the Equal Employment Opportunity Commission ("EEOC") filed in May, 2007, by engaging in the same actions, including reassigning her, that were allegedly a result of age discrimination and her violation of the dress code. Compl. ¶¶ 25 - 28.

Finally, plaintiff alleges that defendants violated her First Amendment rights by "suppressing and extinguishing Plaintiff's speech regarding the sexist dress code." Compl. ¶ 29. The only protest against the "dress code" described in the complaint is plaintiff's admitted refusal to abide by it.

## ARGUMENT

### Standards Governing This Motion

This complaint fails as a matter of law to satisfy the pleading requirements in federal court. A complaint must be summarily dismissed where, as here, the claim cannot lie against the named defendant as a matter of law, irrespective of what set of facts may be pleaded. This is true, for example, where the statute at issue either does not address the type of discrimination asserted or does not provide a cause of action against certain defendants. A complaint must also be dismissed when the defendant is immune from liability as a matter of law. See Roddini v.

4

City Univ. of N.Y., 2003 U.S. Dist. LEXIS 2549 (S.D.N.Y. Feb. 14, 2003). Plaintiff's claims
here fail on all of these grounds, among others.

Moreover, this complaint also fails as a matter of pleading. As the Supreme Court has
recently held, a complaint must contain "enough facts to state a claim to relief that is plausible on
its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In Twombly, the Court
made clear that even at the pleading stage, a plaintiff must come forward with sufficient
allegations suggesting illegal conduct. Id. at 1966. Specifically, the complaint must have
"enough factual matter (taken as true) to suggest that" the defendant engaged in the alleged
unlawful conduct - in other words, "enough fact to raise a reasonable expectation that discovery
will reveal evidence" of illegality. Id. at 1965. The Court expressed particular concern over
subjecting defendants to the burdens of discovery where this standard is not met. Id. at 1969 n. 8
(indicating that there must be a "reasonably founded hope that the [discovery] process will reveal
relevant evidence" to support the claim, and that "before proceeding to discovery, a complaint
must allege facts suggestive of illegal conduct."). See also Patane v. Clark, 508 F.3d 106 (2d Cir.
2007); ATSI Commc'ns., Inc. v. The Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) (plaintiff must
make "factual allegations sufficient 'to raise a right to relief above the speculative level.'"
quoting Twombly); Jones v. Consumer Info. Dispute Resolution, 2007 U.S. Dist. LEXIS 60241
(S.D.N.Y. Aug. 15, 2007); Watts v. Servs. For The Underserved, 2007 U.S. Dist. LEXIS 41209
(E.D.N.Y. June 6, 2007).

Because plaintiff has not cited and cannot cite any authority to support her implausible
claims, and has not alleged sufficient facts to suggest illegal conduct, the complaint must be
dismissed.

**Summary Of The Argument**

This Court should dismiss the complaint with respect to the Commissioner on the following grounds:

a) the first cause of action, alleging sex discrimination, may not be asserted against the Commissioner under Title VII because there is no individual liability under Title VII, the Section 1981 claim fails because Section 1981 does not cover sex discrimination and Section 1983 provides the exclusive remedy against state actors, the policy on professional attire does not constitute an adverse employment action, and, in any event, the claim is conclusory and implausible;

b) the second cause of action alleging sex discrimination under the ADEA is barred by the Eleventh Amendment, may not be asserted against the Commissioner individually, and is implausible;

c) the third cause of action alleging sexual orientation fails to state a claim because sexual orientation is not covered by Title VII or Section 1981, the Commissioner may not be sued under Title VII, the Commissioner is qualifiedly immune from liability on the Section 1983 claim, and the claim is unsupported by any facts;

d) the retaliation claim fails because the Commissioner may not be sued under Title VII and, in any event, plaintiff's defiance of the policy on professional attire was not protected activity and plaintiff fails to allege a causal relationship between any protected activity and any adverse action, and

e) the First Amendment claim is speculative and unsupported, as it fails to allege a casual relationship, and any speech was not on a matter of public concern.

6

The complaint fails as against the State and the Division because:

a) the first cause of action, insofar as it is brought under Sections 1981 and 1983, is barred by the Eleventh Amendment, Section 1981 does not address sex discrimination, the policy on professional attire does not constitute an adverse employment action, and, in any event, the claim is conclusory and implausible;

b) the ADEA claim is barred by the Eleventh Amendment and is implausible;

c) the sexual orientation discrimination claim fails to state a claim because sexual orientation is not covered under Title VII or Section 1981, the claim under Sections 1981 and 1983 is barred by the Eleventh Amendment, and the claim is unsupported by any facts;

d) the retaliation claim fails because plaintiff's defiance of the policy on professional attire was not protected activity and plaintiff fails to allege a causal relationship between any protected activity and any adverse action; and

e) the First Amendment claim is barred by the Eleventh Amendment and is speculative and unsupported.

## POINT I

### PLAINTIFF'S SEX DISCRIMINATION CLAIM IS NOT COGNIZABLE AGAINST CERTAIN DEFENDANTS, AND FAILS BECAUSE REQUIRING PROFESSIONAL ATTIRE DOES NOT CONSTITUTE AN ADVERSE EMPLOYMENT ACTION, AND THERE IS NO FACTUAL SUPPORT FOR HER CLAIM.

Plaintiff's first cause of action for sex discrimination under Title VII and Sections 1981 and 1983 must be dismissed for a number of reasons. First, the claim is barred against certain defendants as a matter of law. Second, plaintiff has not shown, and cannot show, that an adverse action was taken because of any such discrimination, a necessary element of her discrimination

7

claim. Finally, even if the claims were cognizable, the facts alleged are far too conclusory and
vague to raise a plausible claim of discrimination on the basis of sex.

## A.    The Title VII Claim Must Be Dismissed Against Commissioner Gibson, As There Is No Individual Liability Under The Statute.

Plaintiff's first cause of action for sex discrimination, insofar as it is brought under Title

VII, must be dismissed as against the Commissioner. It is well settled that an individual cannot

be held personally liable under Title VII. See Schiano v. Quality Payroll Sys., 445 F.3d 597, 608

n.8 (2d Cir. 2006); Tomka v. Seiler Corp., 66 F.3d 1295, 1313-14 (2d Cir. 1995); Benson v. N.

Shore-Long Island Jewish Health Sys., 482 F. Supp. 2d 320, 328-29 (E.D.N.Y. 2007). And, for

that reason alone, this claim fails against Commissioner Gibson.

## B.    The Eleventh Amendment Bars The Section 1981 And 1983 Claims Against The State, The Division, And The Commissioner In Her Official Capacity.

The first cause of action must also be dismissed as against the State and the Division

insofar as it is asserted under Sections 1981 and 1983. It is well settled that under the Eleventh

Amendment neither the State nor its agencies may be sued in federal court without their consent

or a valid Congressional abrogation of the State's sovereign immunity. Quern v. Jordan, 440

U.S. 332, 345 (1979); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Edelman v.

Jordan, 415 U.S. 651 (1974). The Eleventh Amendment has been consistently interpreted to bar

*any* relief against a State or a State agency, be it an equitable remedy, as in Alabama v. Pugh, or

the recovery of damages, as in Ford Motor Co. v. Department of the Treasury, 323 U.S. 459,

462-64 (1945). See also Cory v. White, 457 U.S. 85 (1982); Santiago v. N.Y. State Dep't of

Corr. Servs., 945 F.2d 25, 32 (2d Cir. 1991). The Eleventh Amendment similarly bars suits

against state officers for damages in their official capacity. Kentucky v. Graham, 473 U.S. 159,

169 (1985); Miles v. Baruch Coll., 2008 U.S. Dist. LEXIS 5534, at * 9 (E.D.N.Y. Jan. 24, 2008).

8

As neither Section 1981 nor 1983 abrogates Eleventh Amendment immunity and New York has not consented to be sued, see Koumantaros v. City Univ. of New York, 2007 U.S. Dist. LEXIS 19530, at * 11-13 (S.D.N.Y. March 15, 2007), plaintiff's Section 1981 and 1983 claims, including her first, third and fifth causes of action, must be dismissed as against the State, the Division, and the Commissioner in her official capacity.[5]

**C.      The Section 1981 Claim Must Be Dismissed Against All Defendants Because Section 1983 Provides The Exclusive Remedy Against State Actors.**

Plaintiff may not assert the sex discrimination claim against any defendant under Section 1981. In Jett v. Dallas Independent School District, 491 U.S. 701, 732 - 35 (1989), the Court held that Section 1983 was the exclusive remedy for violation of the rights provided in Section 1981 against state actors. This holding encompasses both governmental entities and state actors sued in their individual capacities. Roddini v. City Univ. of N.Y., 2003 U.S. Dist. LEXIS 2549, at * 16 (S.D.N.Y. Feb. 14, 2003). Accordingly, the first cause of action, insofar as it is brought under Section 1981, must be dismissed against all defendants.

**D.  Sex Discrimination Is Not Covered By Section 1981.**

The sex discrimination claim must also be dismissed against all defendants insofar as it is based on Section 1981, because Section 1981 addresses race - based discrimination. It does not provide a remedy for sex discrimination. Runyon v. McCrary, 427 U.S. 160 (1976).

**E.  The Division Policy To Dress Professionally Does Not Constitute An Adverse Employment Action.**

Even if plaintiff's claim were cognizable under the statutes relied upon, her sex

---

[5] The claim must also be dismissed because neither the State nor the Division is a "person" under Section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

9

discrimination claim fails because a policy requiring professional attire is not an adverse

employment action. A complaint alleging sex discrimination must show that action was taken

that is sufficiently serious to constitute an adverse employment action. The employer's action

must cause a "materially adverse change in the terms and conditions of employment," and not

simply "mere inconvenience." Patane, 508 F.3d at 112.

The inability to wear jeans does not materially alter an attorney's working conditions, as a

matter of law. In Hurst v. PNC Bank, 2004 U.S. Dist. LEXIS 7963, * 9-10 (E.D. Pa. May 5,

2004), the court rejected a challenge to a dress code that prohibited the plaintiff from wearing a

sports jersey, even where he presented specific evidence that the dress code was applied

differently to other employees on specific occasions. The court reasoned that the "effect on

[plaintiff] was so insubstantial as not to constitute an 'adverse employment action'" where there

was only one request that the plaintiff change his clothes and no formal discipline was imposed.

Here, plaintiff fails to allege any impact the professional dress policy had on the terms and

conditions of her employment - positive, negative, or otherwise. Nor can she.

And, plaintiff cannot rely on the various actions defendants allegedly took after she wore

jeans in the office to show an adverse action taken on the basis of her sex. Compl. ¶ 16. Plaintiff

specifically asserts that these actions were taken to punish her for her refusal to abide by the

policy, not because she is a woman. Id. Thus, plaintiff does not allege adverse action because of

sex, as a matter of law. See Patane, 508 F.3d at 112 (court affirmed the dismissal of a sex

discrimination claim on the pleadings where plaintiff characterized the adverse actions "as

retaliatory and not gender-based"). Because plaintiff has not pled and cannot plead any adverse

action, her sex discrimination claim under Title VII, Section 1983 and Section 1981 fails as a

10

matter of law against all defendants.

## F. The Sex Discrimination Claim Fails Because It Is Based On Conclusory And Implausible Allegations.

Finally, even if the sex discrimination claim were not barred for all of the above reasons, the complaint simply fails to set forth a plausible claim that the Commissioner, a woman, discriminated against plaintiff, another woman, on the basis of her sex. While a plaintiff need not plead all the elements of a prima facie case, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), a plaintiff must plead facts to support a plausible claim that discriminatory action was taken because of plaintiff's sex. See Patane, 508 F.3d at 112.

Plaintiff's second amended complaint fails to do so. While plaintiff alleges that male attorneys of the Division were permitted to wear jeans in the workplace, she provides no specifics as to who wore jeans or when this allegedly occurred. As this Circuit held in Patane, 508 F.3d at 112, a complaint that does not "set forth any factual circumstances from which a gender-based motivation ... might be inferred should be dismissed for failure to state a claim. Such is the case here.

Moreover, this claim is flatly refuted by documents, which this Court may consider upon a motion to dismiss,[6] that establish that *all* attorneys, not simply women, were and are required to present a professional appearance in the office at all times, and that jeans are considered incompatible with a professional appearance. Specifically, on January 24, 2007, Mr. Albert Kostelny, then-Associate Attorney and Manager of the Prosecution Unit, orally conveyed the

---

[6] In ruling on a motion to dismiss for failure to state a claim, the Court may consider documents that the plaintiff either possessed or knew about and relied upon in bringing the action. See Patane, 508 F.3d at 112; Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Reyes v. City Univ. of N.Y., 2007 U.S. Dist. LEXIS 55101 (S.D.N.Y. July 26, 2007).

11

Commissioner's direction, consistent with Division policy. Hathaway Aff. Ex A. The very next day, on January 25, plaintiff defied this lawful directive by wearing jeans to the office. Hathaway Aff. Ex B. On January 29, 2007, Mr. Kostelny put the direction in writing via an e mail, instructing "all Prosecutions Unit attorneys that jeans are never appropriate office wear." Hathaway Aff. Ex. A. This e mail was sent to nine male and three female attorneys.

Finally, plaintiff's characterization of the dress code as applicable only to women is also contradicted by a grievance filed by her own union, the New York State Public Employees Federation ("PEF"), at her insistence. In this grievance, PEF described the "dress code" as providing that "*all* attorneys dress in a professional manner and that jeans were not appropriate office wear." Hathaway Aff. Ex. C. (emphasis added). The union objected to the policy not as discriminatory, but as a term or condition of employment that should have been the subject of mandatory bargaining. In short - the claim is completely speculative and implausible.

## POINT II

### PLAINTIFF'S AGE DISCRIMINATION CLAIM IS BARRED BY THE ELEVENTH AMENDMENT, MAY NOT BE ASSERTED AGAINST THE COMMISSIONER INDIVIDUALLY, AND IS NOT PLAUSIBLE, IN ANY EVENT.

Plaintiff's second cause of action for age discrimination under the Age Discrimination in Employment Act ("ADEA") must be dismissed because it is barred by the Eleventh Amendment, the ADEA does not permit individual liability, and, in any event, the claim that the 48 year old Commissioner discriminated against the 40 year old plaintiff fails as a matter of law, is unsupported by any factual allegations, and is not plausible.

It is well established that claims for damages under the ADEA may not be brought against the State or a State agency. In Kimel, the Supreme Court held that the ADEA does not

12

abrogate the sovereign immunity provided to States under the Eleventh Amendment. Kimel v.

Fla. Bd. Of Regents, 528 U.S. 62 (2000). See also Fox v. State Univ. of N.Y., 497 F. Supp. 2d

446 (E.D.N.Y. 2007); Rolle v. N.Y. State Liquor Auth., 2006 U.S. Dist. LEXIS 55821 (S.D.N.Y.

Aug. 4, 2006); Barea v. State Univ. of N.Y., 2006 U.S. Dist. LEXIS 46681 (N.D.N.Y. July 10,

2006). Accordingly, the Court lacks subject matter jurisdiction over the ADEA claim as against

the State and the Division, and it must be dismissed.

The claim must also be dismissed as against the Commissioner because, like Title VII, an

individual may not be sued under the ADEA. See Fox, 497 F. Supp. 2d at 449-50.

Finally, even if plaintiff could maintain such a claim, it would fail as it does not satisfy

Twombly's plausibility standard. Not one fact is alleged to support even the thinnest inference

that defendants acted out of any animus against plaintiff because of her age. And, because the

respective ages of the parties also makes the claim particularly implausible, it must be dismissed.

In short, plaintiff's ADEA claim fails against all of the defendants as a matter of law.

## POINT III

### THE SEXUAL ORIENTATION DISCRIMINATION CLAIM IS NOT COGNIZABLE UNDER EITHER TITLE VII OR SECTION 1981, THE COMMISSIONER IS IMMUNE FROM SUIT UNDER SECTION 1983, AND PLAINTIFF HAS ALLEGED NO FACTS TO SUPPORT THE CLAIM.

Plaintiff's claim that defendants discriminated against her due to her sexual orientation

must be dismissed on a number of grounds. First, sexual orientation is not protected under either

Title VII or § 1981. Moreover, the complaint is utterly devoid of any facts indicating sexual

orientation discrimination, and the Commissioner is entitled to qualified immunity on the § 1983

claim.

13

**A. Sexual Orientation Discrimination Is Not Covered By Title VII**.

Title VII makes it unlawful for an employer to discriminate "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 (a). Based on this plain language, courts have rightly and routinely dismissed Title VII claims of discrimination based on sexual orientation. As the Second Circuit has made clear, the "law is well-settled in this circuit and in all others to have reached the question that [plaintiff] has no cause of action under Title VII because Title VII does not prohibit harassment or discrimination because of sexual orientation." Simonton v. Runyon, 232 F.3d 33, 35 (2d Cir. 2000). See also Dawson v. Bumble & Bumble, 398 F.3d 211 (2d Cir. 2005); Pugliese v. The Long Island R.R. Co., 2007 U.S. Dist. LEXIS 63879 (E.D.N.Y. Aug. 29, 2007); Benson v. N. Shore-Long Island Jewish Health Sys., 482 F. Supp. 2d 320 (E.D.N.Y. 2007); Martin v. N.Y. State Dep't of Corr. Servs., 224 F. Supp. 2d 434, 445-46 (N.D.N.Y. 2002).

Thus, the sexual orientation discrimination claim fails as against all defendants. It must also be dismissed as against the Commissioner because, as discussed in Point I.A, supra, individuals may not be sued under Title VII.

**B. Sexual Orientation Discrimination Is Not Covered By Section 1981**.

The section 1981 claim based on sexual orientation is similarly flawed. It is well settled that Section 1981 prohibits discrimination based on race; it does not address discrimination based on sexual orientation. Guanipa v. Bloomingdale's Dep't Stores, 2000 U.S. Dist. LEXIS 17291 (S.D.N.Y. Nov. 28, 2000). And, for that simple reason, the claim fails.

**C. The Eleventh Amendment Bars The Section 1981 and 1983 Claims Against The State And The Division**.

For the same reasons discussed in Point I.B, supra, the claims under § 1981 and § 1983

14

are barred as against the State and the Division.[7]

## D. The 1983 Claim Fails Because It Is Unsupported By Any Facts And The Commissioner Is Immune From Suit.

Finally, the sexual orientation claim under Section 1983 fails as a matter of law because the Commissioner is immune from liability and because the complaint is completely bereft of any factual allegations supporting it.

The only appropriate defendant under Section 1983, Commissioner Gibson, is entitled to qualified immunity on this claim. A public official is entitled to qualified immunity from liability for damages if 1) the legal right allegedly violated was not clearly established at the time of defendant's conduct, or 2) it was objectively reasonable for defendant to believe her actions did not violate federal law. Saucier v. Katz, 533 U.S. 194 (2001); Savino v. City of New York, 331 F.3d 63, 71-72 (2d Cir. 2003). To determine whether a right was clearly established, the court must assess whether "the contours of the right [were] sufficiently clear in the context of the alleged violation such that a reasonable official would understand that what he [was] doing violate[d] that right." Iqbal v. Hasty, 490 F.3d 143, 152 (2d Cir. 2007).

There is no Supreme Court or Second Circuit authority clearly prohibiting sexual orientation discrimination. Thus, in Pugliese, 2007 U.S. Dist. LEXIS 63879, at *17, the court dismissed the § 1983 claim, finding that the Supreme Court had not determined that sexual orientation discrimination would necessarily violate the constitution. See Romer v. Evans, 517 U.S. 620 (1996). The court concluded that a "reasonable juror could not find that [defendant] was sufficiently put on notice of the potential legal implications of discriminating based upon

---

[7] As discussed in Point I.C, supra, the Section 1981 claim must also be dismissed against all defendants because Section 1983 provides the exclusive remedy against state actors.

15

Plaintiff's homosexuality." But see Lovell v. Comsewogue Sch. Dist., 214 F. Supp. 2d 319 (E.D.N.Y. 2002). The disparate state of the law in this area entitles the Commissioner to qualified immunity as a matter of law, for if "the district judges ..., who are charged with ascertaining and applying the law, could not determine the state of the law with reasonable certainty, it seems unwarranted to hold [defendant] to a standard that was not even clear to the judges...." Richardson v. Selsky, 5 F.3d 616, 623 (2d Cir. 1993). Moreover, the purposes of qualified immunity - to protect public officials from liability from all but obvious mistakes, to avoid deterring talented individuals from accepting government positions, and to avoid diverting public officials from the vigorous pursuit of their important public duties with the burdens of litigation and threat of liability - would be amply served in this case, involving a high ranking official charged with reforming and improving a critical agency. See Mitchell v. Forsyth, 472 U.S. 511 (1985).

Moreover, because the complaint contains no allegations concerning sexual orientation discrimination, it falls woefully short of Twombly's plausibility standard. The complaint contains no allegations of remarks about sexual orientation or actions taken as a result of anyone's sexual orientation. It contains no allegations that persons of one sexual orientation were treated differently than those of another. Indeed, plaintiff fails to even identify her own sexual orientation.

Accordingly, the Section 1983 claim against the Commissioner fails as a matter of law and must be dismissed.

16

## POINT IV

### PLAINTIFF'S RETALIATION CLAIM MUST BE DISMISSED BECAUSE IT IS NOT COGNIZABLE AGAINST THE COMMISSIONER, PLAINTIFF'S SELF-HELP VIOLATION OF DIVISION POLICY ON PROFESSIONAL ATTIRE IS NOT PROTECTED CONDUCT, AND SHE ALLEGES NO FACTS SHOWING A CAUSAL RELATIONSHIP.

Plaintiff's retaliation claim under Title VII, Compl. ¶¶ 25 - 28, must be dismissed as against the Commissioner because, as discussed, there is no individual liability under Title VII. See Point I.A, supra. Moreover, it fails as a matter of law because plaintiff's defiance of the Division's policy on professional attire by wearing jeans does not constitute protected activity. Finally, her complaint fails to allege any facts to support a causal relationship between any alleged protected activity and any retaliatory actions, as required for such a claim. Indeed, a number of the actions complained of occurred *before* plaintiff filed her EEOC complaint.

To state a claim for retaliation under Title VII, a plaintiff must "plead facts that would tend to show that: (1) she participated in protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." Patane, 508 F.3d at 115. A plaintiff must show that a reasonable employee would have found the challenged action "materially adverse, 'which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington Northern & Sant Fe Ry. v. White, 548 U.S. 53, 126 S. Ct. 2405, 2415 (2006).

### A. Plaintiff's Defiance Of The Division's Policy Was Not Protected Activity.

Here, plaintiff alleges that her "protected activity" was her act of protest by refusing "to refrain from wearing jeans in the workplace." Compl. ¶ 15. Although many forms of protest

17

may be protected under Title VII's anti-retaliation provision, self-help violation of an employer's rules is not. See, e.g. Smith v. Texas Dep't of Water Resources, 818 F.2d 363 (5th Cir. 1987) (plaintiff's refusal to perform secretarial duties was not a protected form of opposition). In this case, the refusal to follow a reasonable policy designed to maintain a professional appearance among the Division's legal staff was not protected conduct.

Moreover, any such protest is not protected because plaintiff could not reasonably have believed that the policy violated Title VII - another necessary element of a Title VII claim. See generally Reed v. A.W. Lawrence & Co., 95 F.3d 1170 (2d Cir. 1996). Despite plaintiff's conclusory allegation that white males were permitted to wear jeans, the complaint contains no specifics concerning this claim and, as noted, the documentation setting forth the policy belies this conclusion. Requiring attorneys who deal with the public and conduct hearings to maintain an appropriate appearance and prohibiting jeans in the workplace is a reasonable means of conveying an appropriately professional image of the Division to the public, and is not forbidden by Title VII. And, plaintiff could not reasonably have believed that a policy requiring professional attire applicable to all Division attorneys violated Title VII, or even that such a policy applicable only to women, assuming this were true, altered working conditions sufficiently to constitute an adverse employment action.

**B. The Complaint Fails To Allege Any Causal Relationship.**

Plaintiff's retaliation claim also fails because she alleges nothing to establish a causal relationship between the protected activity (if there had been one) and the alleged retaliatory conduct. In fact, many of the alleged retaliatory actions (Compl. ¶ 27) took place *before* she filed her Complaint with the EEOC on or about May 8, 2007. See Compl. ¶ 2. For example, plaintiff

18

was notified of her transfer to the Commissioner's legal staff on or about April 23, effective April 30. Hathaway Aff. Ex. D. The accusation of misconduct or insubordination and the "interrogation" conducted by outside counsel on that misconduct charge also took place before plaintiff filed her EEOC complaint. Hathaway Aff. Ex. E. Plaintiff obviously cannot allege retaliation for filing a charge with the EEOC based on actions taken before that charge was filed.

Even if plaintiff had specifically alleged any other protected conduct, she has not pleaded any facts indicating that defendants acted with retaliatory intent. She has alleged no direct evidence of causation. Nor has she pleaded close enough temporal proximity to raise a non-speculative inference of a causal connection between that protected activity and any retaliation. In order for a temporal relationship to permit an inference of retaliatory intent, the retaliatory action must follow closely on the protected conduct. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (holding that action taken 20 months after protected activity suggests no causal connection and citing with approval cases that held that intervals of three and four months were too long); Hollander v. American Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (a three and one-half month interval may be insufficient to establish a causal connection); Reyes, 2007 U.S. Dist. LEXIS 55101, at * 14 ("it is equally well settled that more than three or four months does not qualify as 'follow[ing] closely,'" citing Clark County); Knight v. City of New York, 303 F. Supp. 2d 485, 498 (S.D.N.Y. 2004), aff'd, 2005 U.S. App. LEXIS 23212 (2d Cir. 2005); Nicastro v. Runyon, 60 F. Supp. 2d 181, 185 (S.D.N.Y. 1999) ("claims of retaliation are routinely dismissed when as few as three months elapse between the protected activity and the alleged act of retaliation"). Here, where the complaint is completely bereft of any facts showing a retaliatory motive, the events of late April 2007 are too attenuated from plaintiff's

19

defiance of the dress code on January 25, 2007, to infer causation.

Plaintiff's retaliation claim is also implausible because it is contradicted by plaintiff's own characterization of the events in other forums. In a grievance filed on her behalf by her union protesting her transfer and the change of her job responsibilities, plaintiff claims that this action was taken as a result of her attempts to secure an adjournment of a case assigned to her, in violation of Division policy, and the complainant's report of the Division's "no-adjournment policy" to the Governor's office. There is no mention of any protest of an allegedly sexist dress code. Hathaway Aff. Ex. D; Compl. ¶ 16 ( c ). Indeed, plaintiff admits that she was unable to meet the deadlines given for her work. Compl. ¶ 16(b).

For all of the foregoing reasons, the retaliation claim must be dismissed against all defendants.

### POINT V

### PLAINTIFF'S FIRST AMENDMENT CLAIM MUST BE DISMISSED BECAUSE IT IS BARRED BY THE ELEVENTH AMENDMENT, SHE ALLEGES NO FACTS INDICATING ANY ACTION WAS TAKEN BECAUSE OF HER SPEECH, AND HER ALLEGED SPEECH WAS NOT ON A MATTER OF PUBLIC CONCERN.

Plaintiff's First Amendment claim fails as a matter of law. First, as discussed above, the Eleventh Amendment bars a constitutional claim asserted under § 1983 as against the State and the Division. See Point I.B, supra. Moreover, the claim must be dismissed as against the Commissioner individually because the complaint contains no facts indicating that any action was taken because of any speech, and because plaintiff's alleged speech, to the extent it is pleaded at all, was not on a matter of public concern, and the Commissioner is entitled to qualified immunity, in any event.

20

For a public employee to state a claim under the First Amendment, she must allege that 1) she engaged in protected speech on a matter of public concern, 2) she suffered an adverse action, and 3) the speech was a motivating factor in the decision to take the adverse action. Even if plaintiff establishes these elements, defendants may prevail if they show that they would have taken the same action regardless of the speech, or that the speech was likely to disrupt the government's activity and the harm caused by that disruption outweighs the value of the speech. Skehan v. Vill. of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006). See also Pickering v. Bd. of Educ., 391 U.S. 563 (1968); Reuland v. Hynes, 460 F.3d 409 (2d Cir. 2006); Washington v. County of Rockland, 373 F.3d 310 (2d Cir. 2004).

## A. Plaintiff's Free Speech Claim Is Speculative And Unsupported.

For the same reasons discussed in Point IV.B, supra, plaintiff has failed to plead a plausible claim. Not only does she fail to specifically identify the speech, she fails to set out any facts indicating that defendants took any actions based on that speech. Moreover, are no allegations indicating any connection between the speech and any allegedly adverse actions. Thus, the Court would have to engage in the height of speculation to find any reasonable possibility that discovery could support this claim, when this third pleading still fails to allege a single fact indicating a connection between her speech and any of the complained-of actions. Thus, this claim cannot pass Twombly's plausibility test.

## B. Any Speech On The Division's Policy On Professional Attire Did Not Address A Matter Of Public Concern.

Plaintiff's speech was also not on a matter of public concern. In determining whether alleged speech addresses a matter of public concern, the Court considers the content, form and context of the speech. The "heart of the matter is whether the employee's speech was 'calculated

21

to redress personal grievances or whether it had a broader purpose.'" Ruotolo v. City of New York, ___ F.3d ___, 2008 U.S. App. LEXIS 2551 (2d Cir. Feb. 6, 2008). Because the complaint says virtually nothing about the content, form and context of plaintiff's alleged speech, it fails to state a claim. Even interpreting the complaint broadly, the complaint does not indicate that plaintiff had a broader purpose than her own personal concerns. Whether plaintiff, an attorney who regularly dealt with members of the public and represented the State at hearings, could wear jeans to work is a matter of personal preference and convenience, and not a matter of public concern. See Ezekwo v. New York City Health & Hosp. Corp., 940 F.2d 775, 781 (2d Cir. 1991) (physician's complaints about residency program, including unfair evaluation and discrimination on the basis of race, sex and national origin, were not matters of public concern). Nor does plaintiff's choice to protest the dress code by wearing jeans constitute protected speech. See Roberts v. Ward, 468 F.3d 963 (6th Cir. 2006) (wearing untucked shirts in violation of dress code did not involve speech on a matter of public concern); East Hartford Educ. Assoc. v. Bd. Of Educ., 562 F.2d 838, 859 (2d Cir. 1977) (en banc) (teacher's refusal to comply with dress code requiring teachers to wear neckties was not protected under the First Amendment, where "balanced against appellant's claim of free expression is the school board's interest in promoting respect for authority and traditional values, as well as discipline in the classroom, by requiring teachers to dress in a professional manner. A dress code is a rational means of promoting these goals.").

Commissioner Gibson, the only proper defendant on the First Amendment claim, is also entitled to qualified immunity as a matter of law. She could have objectively reasonably believed that any speech regarding the Division's policy on professional attire was not a matter of public concern. See generally Saucier v. Katz, 533 U.S. 194.

## POINT VI

### PLAINTIFF ALLEGES NO FACTS IN SUPPORT OF HER RACE DISCRIMINATION CLAIM.

Although plaintiff purports to sue defendants for race discrimination under Title VII and Sections 1981 and 1983, she asserts no cause of action based on race. Moreover, even after twice amending the complaint, the pleading is completely bereft of a single allegation indicating racial animus against plaintiff.[8]  Even before Twombly, this pleading would have fallen woefully short of stating a claim. Under Twombly, the claim is more than speculative; plaintiff is therefore barred completely from pursuing it.

### CONCLUSION

### FOR THE FOREGOING REASONS, THE COMPLAINT SHOULD BE DISMISSED.

Dated: New York, New York
        February 29, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Defendants
By:

*Barbara K. Hathaway*

BARBARA K. HATHAWAY
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8560

BARBARA K. HATHAWAY
Assistant Attorney General
 Of Counsel

---

[8] Indeed, plaintiff's current counsel acknowledged at a recent conference before this Court that in his review of the file he had been unable to discern the basis for the race discrimination claim.

23