```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
VEANKA McKENZIE,                    :    **Electronically Filed**
                Plaintiffs,
                                    :    07 Civ. 6714 (WHP)
    -against-
                                    :    **AFFIDAVIT**
KUMIKI GIBSON, individually, the
STATE OF NEW YORK, and the          :
NEW YORK STATE DIVISION OF HUMAN
RIGHTS,                             :
                Defendants.
------------------------------------x

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NEW YORK)
```

BARBARA K. HATHAWAY, being duly sworn, deposes and says:

1. I am an Assistant Attorney General in the office of ANDREW M. CUOMO, Attorney General of the State of New York, attorney for defendants in this action. Annexed hereto are copies of the following documents, submitted in support of defendants' motion for summary judgments:

    A. E-mail from Albert Kostelny dated January 29, 2007.

    B. Memorandum from Albert Kostelny to Veanka McKenzie dated January 25, 2007.

    C. Improper Practice Charge filed by NYS Public Employees Federation dated March 2, 2007.

    D. Grievance filed on behalf of Veanka McKenzie by NYS Public Employees Federation dated May 24, 2007.

    E. Letter from Ali Jafri to Veanka McKenzie dated April 6, 2007.

_Barbara K. Hathaway_
Barbara K. Hathaway

Sworn to before me this
29 day of February, 2008

_Stephanie Rosenberg_
Notary Public of the
State of New York

STEPHANIE ROSENBERG
Notary Public, State of New York
No. 01-RO6[...]796
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires July 18, 2010

# Exhibit A

**Veanka McKenzie**

| | | |
|---|---|---|
| **From:** | Albert Kostelny | Sent:Mon 1/29/2007 2:05 PM |
| **To:** | Anton Antomattei; Arlyne Zwyer; Bellew McManus; Christopher Knauth; Karen Draves; Matthew Menes; Neil Zions; Paul Crapsi; Richard Van Coevering; Robert Meisels; Stephen Lee; Veanka McKenzie | |
| **Cc:** | Caroline Downey; Elaine Smith | |
| **Subject:** | Professional Appearance and Dress for Prosecutions Unit Attorneys | |

**Attachments:**

Last week, I orally conveyed Commissioner Designate Gibson's instructions on professional appearance for Prosecutions Unit attorneys, in personal meetings, to all Prosecutions Unit attorneys in New York City. I now remind you of said instructions in writing.

Commissioner Designate Gibson ordered all Prosecutions Unit attorneys, in their dress, grooming, and demeanor, to always project a professional appearance in the workplace. In order to project said professional appearance, attorneys should dress, at all times, as if they were scheduled for a meeting with a client or opposing counsel.

While Commissioner Designate Gibson relied on the good judgment of the attorneys to faithfully implement her directives on professional appearance and dress, she did specifically instruct all Prosecutions Unit attorneys that jeans are **never** appropriate office wear.

**Exhibit B**

# STATE OF NEW YORK
# EXECUTIVE DEPARTMENT
# DIVISION OF HUMAN RIGHTS

## INTER-OFFICE MEMORANDUM

**TO:**  Veanka McKenzie  
Senior Attorney

**OFFICE:** New York/Legal

**FROM:** Albert J. Kostelny, Jr.  
Associate Attorney

**DATE:** January 25, 2007

**SUBJECT: Dress Code – Counseling Memorandum**

      On January 24, 2007, I met individually with all of the attorneys in the Prosecutions Unit, including you, to discuss a meeting I had that day with Commissioner Designate Gibson. In the course of those meetings; I informed all of the attorneys, including you, that Commissioner Designate Gibson was particularly desirous that Division staff should present, at all times, a professional appearance in the office. In the course of those meetings; I specifically informed all of the attorneys, including you, that Commissioner Designate Gibson regarded jeans as incompatible with a professional appearance and thus unacceptable as office wear. Today, you appeared in the office wearing jeans. In light of the clear instructions I gave all of the attorneys, including you, regarding proper professional dress in the office; I am compelled to regard your action today as defiant.

      The fact that all of the attorneys, including you, were informed that Commissioner Designate Gibson planned to meet with the Prosecutions Unit's attorneys to discuss unit operations did not justify any assumption on your part that her instructions on proper professional dress were to be held in abeyance until after said meeting. The fact that all of the attorneys, including you, were informed that Commissioner Designate Gibson's instructions on maintaining a proper professional appearance in the office would subsequently be reduced to writing did not justify any assumption on your part that, in the interim, her clear oral instructions on this issue could be disregarded.

      Please take note that all attorneys, including you, are ordered by Commissioner Designate Gibson to maintain a professional appearance in the office. Please also take note that all attorneys, including you, are on notice from Commissioner Designate Gibson that wearing jeans does not constitute a "professional appearance." Please take special note that any attorney, including you, who appears in the office wearing jeans after today will be subject to appropriate disciplinary action for insubordination and disobeying a direct order.

cc:

Caroline J. Downey
Acting General Counsel

Jose M. Gonzalez
Director, HR Mgmt. I

Veanka McKenzie's
Personnel File

# Exhibit C

Fax sent by : 5184867383          NYS GOER Counsel          03/28/07   15:00    pg.

STATE OF NEW YORK                                              IMPROPER PRACTICE CHARGE
PUBLIC EMPLOYMENT RELATIONS BOARD

| INSTRUCTIONS: File an original and four (4) copies of this charge with the Director of Public Employment Practices and Representation, New York State Public Employment Relations Board, 80 Wolf Road, Albany, NY 12205-2604. If more space is required for any item, attach additional sheets, numbering item accordingly. | DO NOT WRITE IN THIS SPACE<br><br>Case No. U-27432<br>                              RECEIVED<br>Date Received:   NYS PUBLIC EMPLOYMENT<br>                        RELATIONS BOARD<br><br>                     MAR 5   2007 |
|---|---|

1. **CHARGING PARTY**

   a. Name (If employee organization, give full name, including affiliation and local name and address) REPRESENTATION

   **NYS Public Employees Federation**

   b. Address (No. & Street, City and Zip Code, County):Telephone Number
      **205 Montague Street, Suite 400****718-637-2019 Ext 512**
      **Brooklyn, New York 11201**

   c. Name and title of the representative filing charge:
      **Carlos Arroyo, Field Representative**

   d. Name, address and telephone number of attorney or other representative, if any, to whom correspondence is to be directed:

2. **PUBLIC EMPLOYER AND/OR EMPLOYEE ORGANIZATION AGAINST WHICH CHARGE IS BROUGHT**

   a. Name and Address (No. & Street, City and Zip Code, County): **NYS Division of Human Rights**
      **One Fordham Plaza**
      **Bronx, New York 10458**

   b. Telephone Number:718-741-8362

3. If the charging party filing a separate application for injunctive relief pursuant to §204.15 of the Board's Rules of Procedure?

   ___ YES_X_ NO

4. **VIOLATIONS ALLEGED**

   Pursuant to Article 14 of the Civil Service Law, as amended (Public Employees' Fair Employment Act), the charging party hereby alleges that the above-named respondent(s) has (have) engaged in or is (are) engaging in an improper practice within the meaning of the following subsections of Section 209-a of said Act (check the subsection(s) allegedly violated):

   | If by a public employer | If by an employee organization |
   |---|---|
   | ( ) 209-a.1(a) | ( ) 209-a.2(a) |
   | ( ) 209-a.1(b) | ( ) 209-a.2(b) |
   | ( ) 209-a.1(c) | ( ) 209-a.2(c)* |
   | (X) 209-a.1(d) | |
   | ( ) 209-a.1(e) | |
   | ( ) 209.a.1(f) | |

   * If the charge alleges a violation of Section 209-a.2(c) of the Act based on an employee organization's processing of or failure to process a claim that a public employer has breached its agreement with such employee organization, identify the public employer:

   a. Name and Address (No. & Street, City and Zip Code, County):

Fax sent by : 5184867303    NYS GOER Counsel    03/28/07    15:00    Pg: 8

b. Telephone Number:

5. Specify in detail the alleged violation(s). Include names, dates, times, places and particular actions constituting <u>each</u> violation. Use additional sheet(s), if necessary. Failure to supply sufficient factual detail may result in a delay in processing or dismissal of the charge.

**Please See Attached**

6. If the charge alleges a violation of Section 209.a.1(d) or 209.a.2(b) of the Act, has the charging party notified the Board in writing of the existence of an impasse pursuant to Section 205.1 of the Board's Rules of Procedure?

___ YES    ___ NO    **N/A**

7. The charging party is available immediately to participate in a pre-hearing conference and a formal hearing.

_X_ YES    ___ NO

STATE OF NEW YORK    ) ss.:
COUNTY OF

<u>Carlos Arroyo</u>, being duly sworn deposes and says, that (s)he is the charging party above named, or its representative, and that (s)he has read the above charge consisting of this and _9_ additional page(s), and is familiar with the facts alleged therein, which facts (s)he knows to be true, except as to those matters alleged on information and belief, which matters (s)he believes to be true.

_____
(Signature)

_____
(Title) Field Representative

Subscribed and sworn to before me
This _2_ day of _March_, 2007.

BLAIR BURROUGHS
Notary Public, State of New York
No. 01BU6029626
Qualified in Queens County
Commission Expires Aug. 23, 20_09_

PERB 579 (11/98)

Schedule A

## Details of Charge

The Charging Party, the New York State Public Employees Federation (PEF), alleges as a basis for its Improper Practice charge upon information and belief the following:

1. The Charging Party, PEF is the duly recognized and certified representative of the Professional, Scientific and Technical (PS&T) Unit of New York State Employees.

2. Respondent, New York State Governor's Office of Employee Relations (GOER) is the agent for the State of New York for the negotiating and administration of collective bargaining agreements with the bargaining agents for all New York State employees including charging party PEF. GOER has all the duties, powers and responsibilities as set forth in the Executive Law and all other relevant laws, rules, and regulations.

3. Respondent NYS Division of Human Rights is an agency of the State of New York within the Executive Branch of the State Government.

4. The State of New York and PEF are parties to a collective bargaining Agreement dated April 2, 2003 through April 1, 2007.

5. Kumiki Gibson is the Commissioner Designate of the NYS Division of Human Rights. Mr. Albert Kostelny is an Associate Attorney, Manager of the Prosecution Unit of the NYS Division of Human Rights. Veanka McKensie is a Senior Attorney in the Prosecution Unit.

6. On January 24, 2007, Mr. Albert Kostelny met individually with all attorneys including Ms. Veanka McKenzie, Sr. Attorney regarding Commissioner Designate Gibson directive regarding appropriate dress for attorneys.

7. On January 25, 2007, Mr. Albert Kostelny issued a counseling memorandum (Exhibit 1) to Ms. Veanka McKensie for wearing jeans after he had orally conveyed to her the new dress code requirements. Mr. Kostelny then issued a written directive to all attorneys on January 29, 2007.

8. On January 29, 2007, Mr. Albert Kostelny issued a memorandum (Exhibit 2) to all attorneys in the Prosecution Unit entitled "Professional Appearance and Dress for Prosecution Unit Attorneys". The memorandum conveyed Commissioner Designate Gibson's requirement that all attorneys dress in a professional manner and that jeans were not appropriate office wear.

9. Charging Party therefore alleges that dress code is a mandatory subject of bargaining and that the NYS Division of Human Rights violated § 204.a 1(d) of the Taylor Law by unilaterally imposing a dress code without negotiating a term and condition of employment with PEF.

10. Charging Party respectfully requests the Director to:

   A. Order the NYS Division of Human Rights to rescind its dress code directive and make whole any employee who has faced reprisals for alleged inappropriate dress.

   B. Take any other remedial action the Director may deem appropriate.

# Exhibit D



**New York State**
**PUBLIC EMPLOYEES**
**FEDERATION** AFL-CIO

225 Broadway, Suite 1406
New York, NY 10007-3001

(212) 227-3132
(800) 522-8700
Fax (212) 964-3571

OFFICERS:

Kenneth Brynien
President

Arlea Gabe Igoe
Secretary-Treasurer

Patricia Baker
Joe Fox
Louis Matrazzo
Vice Presidents

REGIONAL COORDINATORS:
Kevin Hintz
Region 1

Daniel Connors
Region 2

Frank Besser
Region 3

Donald Kehoskie
Region 4

Mary Twitchell
Region 5

Robert Varano
Region 6

William Crotty
Region 7

Thomas Comanzo
Region 8

Neila Cardus
Region 9

Vernetta Chesimard
Region 10

Jemma Marie-Hanson
Region 11

Doris Dodson
Region 12

TRUSTEES:
Julio Munoz
Robert Reynolds
Olubiyi Sehindemi

CMRR 7006 0810 0002 4189 5454

May 24, 2007

Mr. Ali Safri
Associate Personnel Administrator
NYS Division of Human Rights
One Fordham Plaza (4th Fl)
Bronx, NY 10458

**RE: Veanka McKenzie**
   **Senior Attorney**

Dear Mr. Safri:

Enclosed please find a Step 1 grievance appeal filed on behalf of the above-captioned individual.

Please schedule a meeting as soon as possible.

Respectfully yours,

*Jane Schwarz*
Jane Schwarz
Field Representative

Copy: Veanka McKenzie
       Margaret Jackson

**RECEIVED**
MAY 2 5 2007
**PERSONNEL**

Affiliated with the American Federation of Teachers, AFL-CIO and Service Employees International Union

STATE/PEF GRIEVANCE FORM

PROFESSIONAL, SCIENTIFIC AND TECHNICAL SERVICES UNIT

(All grievances, decisions and appeals must be served personally or by certified mail, return receipt requested.)

TO BE COMPLETED BY GRIEVANT OR REPRESENTATIVE:

Name: Veanka McKenzie                                      Title: Senior Attorney

Department or Agency    NYS Division of Human Rights

Work Location: ONE Fordham Plaza                           Supervisor: Kumiki Gibson

Type of Grievance:

[X] Contract Grievance
Provision of State/PEF Agreement
Alleged to have been violated:    Article 34    Subsection 33.2

[ ] Non-Contract Grievance (May be appealed only through Step Three) Harassment

### STEP 1

(NOTE: Step 1 grievance must be submitted not more than thirty (30) days after the date the act or omission giving rise to the grievance occurred.)

Date of Occurrence: April 30, 2007

Statement of Facts: (Use additional sheets if required). _See attached_
Cease and Desist

Remedy Sought: Return employee to former assignment and cease violating Article 33.2 of the State/PEF Agreement

Date Submitted: 5/24/07       Aggrieved Employee: _Veanka M Kenzie/JS_

CHECK TO MAKE SURE ALL REQUIRED INFORMATION HAS BEEN PROVIDED AND GIVE THIS FORM TO YOUR FACILITY OR INSTITUTION HEAD OR DESIGNEE.

----

### 1st Step Decision

Date Grievance Received: _____

Determination Attached.

Date Decision Issued: _____
                                                Facility or Institutional Level Rep

* NOTE:   Facility or Institution head or designated representative shall meet with the employee or PEF and shall issue a short, plain written statement of reason for his decision to the employee or PEF not later than twenty (20) working days following the receipt of grievance.

----

### STEP 2 - APPEAL

(NOTE: To be submitted with a copy of the Step 1 decision to the agency head or his representative designated to receive such appeals within ten (10) working days* of receipt of Step 1 decision or date Step 1 decision was due, whichever is earlier.)

The decision at Step 1 of the grievance described above is unsatisfactory.

Reasons for disagreement with Step 1 decision: _____

Date Submitted: _____     Aggrieved Employee: _____

OER-15 (3/80)

<u>2nd STEP DECISION</u>

Date Received: _____

Determination Attached

Date Decision Issued: _____ Reviewer: _____

* NOTE: The agency or department head or designee shall meet with the employee or PEF for a review of the grievance and shall issue a short written statement of reasons for his decision to the employee or PEF, as appropriate, no later than twenty (20) working days following receipt of the Step 1 Appeal.

---

<u>STEP 3 - APPEAL</u>

(NOTE: Appeals to Step 3 may be submitted only by the President of PEF or authorized designee, and must be submitted within fifteen (15) working days* of the grievant's receipt of the Step 2 Decision.)

The decision at Step 2 of the grievance described above is unsatisfactory.

Reasons for disagreement with Step 2 Decision: _____
_____
_____
_____

Date Submitted: _____   Aggrieved Employee: _____

Authorized Signature: _____

* NOTE: PEF must file this appeal within fifteen (15) working days of receipt of Step 2 Decision or date Step 2 Decision was due, whichever is earlier, together with the grievance and the decisions at Step 1 and 2 with the Governor's Office of Employee Relations, Agency Building #2, 12th Floor, Empire State Plaza, Albany, NY 12223.

---

<u>3rd STEP DECISION</u>

Case Number: _____

Date Decision Issued: _____

Determination Attached

Date Decision Issued: _____

Director of the Governor's Office of Employee Relations or Designee: _____

* NOTE: The Director of the Governor's Office of Employee Relations, or his designee, shall issue a short, plainly written statement of reasons for his decision within fifteen (15) working days after receipt of the appeal.

---

<u>STEP 4 - APPEAL</u>

(NOTE: Appeals to Arbitration may be submitted only by the President of PEF or his designee, and must be submitted to the Governor's Office of Employee Relations within fifteen (15) working days of receipt of the Step 3 Decision.)

The Public Employees Federation hereby demands ARBITRATION.

Date Submitted: _____   Authorized Signature: _____

---

* In the case of a department or agency which normally operates on a 7-day-a-week basis, the reference to 10 working days shall mean 14 calendar days and 15 working days shall mean 21 calendar days and 20 working days shall mean 28 calendar days. All time limits contained in this Article may be extended by mutual agreement. Extensions shall be confirmed in writing by the party requesting them.

OER-15 (3/80)

## Statement of Facts

Effective April 30, 2007, Ms. Veanka McKenzie, Esq. was reassigned to Commissioner Kumiki Gibson's legal staff as a Senior Attorney (see the attached), in violation of the just cause provisions of the State/PEF agreement. Ms. McKenzie was reassigned, her caseload was removed and assigned to others and she is being asked to do the work of a Law Clerk despite working for the Division of Human Rights for more than fifteen years. This penalty was inflicted upon Ms. McKenzie because she wrote a letter on behalf of a complainant asking for an adjournment of his case. The adjournment was denied, however the complainant called the Governor's Office and received his adjournment. Since Human Rights Commissioner Gibson cannot punish the complainant she has decided to punish Ms. McKenzie. I might add that Ms. McKenzie was the third attorney assigned to the complainant and the only one to get management to offer a monetary settlement ($50,000) that had some merit. The other offers were below $10,000.

Ms. McKenzie's reassignment was done without fair and impartial investigation of the facts by a Commissioner who believes that it is my way or the highway.

04/30/2007  14:58   7187418102                LEGAL                                    PAGE  01/03



# NEW YORK STATE
## DIVISION OF HUMAN RIGHTS
### BUREAU OF LEGAL ENFORCEMENT

ONE FORDHAM PLAZA, 4TH FLOOR
BRONX, NEW YORK 10458
(718) 741 - 8398
Fax: (718) 741 - 8102
www.dhr.state.ny.us

ELIOT SPITZER
GOVERNOR

KUMIKI GIBSON
COMMISSIONER

TO:  Veanka McKenzie
     Senior Attorney

OFFICE: New York / Legal

FROM: Albert J. Kostelny, Jr.
       Associate Attorney

DATE: April 23, 2007

SUBJECT: **Reassignment from Legal Bureau**

As a result of your acknowledged difficulties and concerns working under the caseload requirements of the Legal Bureau, it has been determined that a reassignment is in the best interests of the Division. Thus, effective April 30, 2007, you will be assigned to Commissioner Gibson's legal staff as a Senior Attorney. Please present yourself to the Commissioner by 10:00 a.m. on Monday, April 30, 2007, for your assignment. Please also be advised that, until further notice, you will remain located in your current office and will maintain your flextime schedule.

cc:

Kumiki Gibson
Commissioner

Caroline J. Downey
Acting General Counsel

Ali Jafri
Associate Personnel Administrator

Received   Apr-30-07  15:05     From-7187418102          To-NYS EMPLOYEES FED AF   Page 01

**Exhibit E**



**STATE OF NEW YORK**
**EXECUTIVE DEPARTMENT**
**DIVISION OF HUMAN RIGHTS**
**ONE FORDHAM PLAZA, 4TH FLOOR**
**BRONX, NEW YORK 10458**
Voice: (718) 741-8400
Fax: (718) 741-3214
www.dhr.state.ny.us

ELIOT SPITZER
GOVERNOR

KUMIKI GIBSON
COMMISSIONER

**VIA HAND DELIVERY**

April 6, 2007

Veanka McKenzie
807 Riverside Drive, #4B
New York, NY 10032

Dear Ms. McKenzie:

    You are directed to report to my office on Wednesday, April 11, 2007, at 10:00 AM in connection with an investigation regarding possible misconduct and/or insubordination in the performance of your job duties. Please be advised that this meeting will be recorded and/or transcribed. We have informed the Union that you will be interrogated regarding this investigation.

Sincerely,

Ali Jafri
Associate Personnel Administrator

cc: Kumiki Gibson, Commissioner
    Bellew McManus, PEF Representative
    Carlos Arroyo, PEF Field Representative
    Caroline Downey, Acting Counsel
    Jose Gonzalez, Director of Human Resources Management
    Personnel file