UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

VEANKA MCKENZIE,                          :

                                          :          07-CV-6714 (WHP)

                    Plaintiff,            :
                                                     Electronically Filed
        - against -                       :

KUMIKI GIBSON, individually, the          :
STATE OF NEW YORK, and the NEW
YORK STATE DIVISION OF HUMAN              :
RIGHTS,

                                          :

                    Defendants.

-------------------------------------------------------------X


## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS


                              ANDREW M. CUOMO
                              Attorney General of the
                               State of New York
                              Attorney for Defendants
                              120 Broadway
                              New York, New York 10271
                              (212) 416-8560


BARBARA K. HATHAWAY
Assistant Attorney General
  of Counsel

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................... ii

Preliminary Statement ....................................................... 1

ARGUMENT ................................................................. 1

I        PLAINTIFF'S SEX DISCRIMINATION CLAIM
         FAILS AS A MATTER OF LAW ...................................... 1

II       PLAINTIFF'S AGE DISCRIMINATION CLAIM
         FAILS AS A MATTER OF LAW ...................................... 6

III      PLAINTIFF'S SEXUAL ORIENTATION DISCRIMINATION
         CLAIM FAILS AS A MATTER OF LAW ............................... 8

IV       PLAINTIFF'S TITLE VII RETALIATION CLAIM
         FAILS AS A MATTER OF LAW ...................................... 9

V        PLAINTIFF'S FIRST AMENDMENT CLAIM FAILS
         AS A MATTER OF LAW ........................................... 12

VI       THIS COURT SHOULD REJECT PLAINTIFF'S BELATED AND
         IMPROPER REQUEST TO AMEND HER SECOND AMENDED
         COMPLAINT YET AGAIN ......................................... 13

CONCLUSION .............................................................. 15

i

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

Abdu-Brisson v. Delta Air Lines, Inc.,
   239 F.3d 456 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ali v. Mount Sinai Hosp.,
   1996 U.S. Dist. LEXIS 8079 (S.D.N.Y. June 12, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 4

Atascadero State Hosp. v. Scanlon,
   473 U.S. 234 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Burlington Northern & Santa Fe Railway Co. v. White,
   548 U.S. 53 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

CBOCS West, Inc. v. Humphries,
   ___ U.S. ___, 2008 U.S. LEXIS 4516 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Carnegie-Mellon Univ. v. Cohill,
   484 U.S. 343 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

DeFilippo v. N.Y. State Unified Court Sys.,
   2006 U.S. Dist. LEXIS 19640 (E.D.N.Y. March 27, 2006) . . . . . . . . . . . . . . . . . . . . . . . 13

DeWitt v. Lieberman,
   48 F. Supp. 2d 280 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Ezekwo v. New York City Health & Hosp. Corp.,
   940 F.2d 775 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Heba v. N.Y. State Div. of Parole,
   537 F. Supp. 2d 457 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hernandez v. Keane,
   341 F.3d 137 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Hicks v. IBM,
   44 F. Supp. 2d 593 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hurst v. PNC Bank,
   2004 U.S. Dist. LEXIS 7963 (E.D.Pa. May 5, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ii

Islam v. Fischer,
2008 U.S. Dist. LEXIS 19796 (S.D.N.Y. March 6, 2008) . . . . . . . . . . . . . . . . . . . . . . . . 5

Jett v. Dallas Independent School District,
491 U.S. 701 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kowal v. MCI Communications Corp.,
16 F.3d 1271 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Pappas v. Giuliani,
290 F.3d 143 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Pennhurst State Sch. & Hosp. v. Halderman,
465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Pugliese v. The Long Island R.R. Co.,
2007 U.S. Dist. LEXIS 63879 (E.D.N.Y. Aug. 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 9

Robison v. Via,
821 F.2d 913 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Roskam Baking Co. v. Lanham Machinery Co.,
288 F.3d 895 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Ruffolo v. Oppenheimer & Co.,
987 F.2d 129 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Rumain v. Baruch College of the City Univ. of N.Y.,
2007 U.S. Dist. LEXIS 36964 (S.D.N.Y. May 17, 2007) . . . . . . . . . . . . . . . . . . . . . . . . 14

Slattery v. Swiss Reinsurance Am. Corp.,
248 F.3d 87 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Smith v. Goord,
2008 U.S. Dist. LEXIS 9958 (W.D.N.Y. Feb. 11, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tomka v. Seiler Corp.,
66 F.3d 1295 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

Valencia v. Lee,
316 F.3d 299 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

iii

Virola v. XO Communs., Inc.,
    2008 U.S. Dist. LEXIS 30413 (E.D.N.Y. April 15, 2008) ...................... 14

Walker v. New York City Transit Auth.,
    2001 U.S. Dist. LEXIS 14569 (S.D.N.Y. Sept. 19, 2001) ....................... 13

Woroski v. Nashua Corp.,
    31 F.3d 105 (2d Cir. 1994) ................................................... 7

Worthington v. County of Suffolk,
    2007 U.S. Dist. LEXIS 52793 (E.D.N.Y. July 20, 2007) ....................... 13

United States Constitution
    Amendment I ............................................................. 1
    Amendment XI ...................................................... passim
    Amendment XIV .......................................................... 3

**Federal Statutes**

42 U.S.C. § 1981 ................................................... 1, 6, 8, 9, 12
42 U.S.C. § 1983 ...................................................... passim
42 U.S.C. § 2000e(b) ....................................................... 11
42 U.S.C. § 2000e-2(a) ..................................................... 11
42 U.S.C. § 2000e-3(a) ..................................................... 11
Title VII ............................................................. passim

**State Statutes**

State Human Rights Law ("HRL"), N.Y. Exec. Law § 296 ............................. 13

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS

### Preliminary Statement

Defendants the State of New York, the New York State Division of Human Rights ("Division"), and Kumiki Gibson, the former Commissioner of the Division, respectfully submit this memorandum of law in response to plaintiff's opposition to defendants' motion to dismiss and in further support of their motion. In their motion, defendants made clear that plaintiff's complaint -- filled with every conceivable claim of discrimination and even a First Amendment claim -- states no valid legal cause of action and is belied by plaintiff's own assertions. Plaintiff's opposition only underscores defendants' position: She finally concedes that she has no claim under 42 U.S.C. § 1981 (affecting the first (sex) and third (sexual orientation) causes of action) or any valid race claim (which was never properly pled in any event), and proffers no legal or factual support whatsoever for her other purported claims. Instead, plaintiff relies upon confusing and irrelevant arguments, ignoring completely well-settled law from the United States Supreme Court and other courts. Such baseless arguments cannot save plaintiff's patently deficient complaint (her Second Amended Complaint), and the case should be dismissed in its entirety.

### ARGUMENT

## I.   PLAINTIFF'S SEX DISCRIMINATION CLAIM FAILS AS A MATTER OF LAW

In her first cause of action, plaintiff asserts a sex discrimination claim against all of the defendants based on Title VII, Section 1981, and Section 1983. As noted above, plaintiff now concedes that she has no Section 1981 claim for sex discrimination. See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss ("Pl.'s Opp'n") at 11. She also now

agrees that she has no Title VII claim against the former Commissioner (see Pl.'s Opp'n at 8-11).[1] And, although plaintiff does not concede that her Section 1983 sex discrimination claim is barred as a matter of law by the Eleventh Amendment as against the State and the Division, and that it fails against all defendants because a prohibition on wearing jeans simply does not constitute an adverse employment action under Title VII or Section 1983, she offers no legal support to continue these claims.

In response to defendants' Eleventh Amendment argument, plaintiff contends that the State of New York and the Division have somehow waived their immunity because the Division's work-share agreement with the EEOC, concerning the handling of discrimination complaints by the Division on behalf of the EEOC, constitutes "consent by both the federal government and the state government to interactively adjudicate complaints filed as to federal anti-discrimination law and state anti-discrimination law." Pl.'s Opp'n at 12-13 (citing 29 CFR § 1601.1 et seq.). This argument is nonsensical -- both factually and legally.

As an initial matter, the federal regulations that plaintiff cites, promulgated by a federal agency, pertain solely to the handling of complaints brought by individual New Yorkers at the Division under both federal law and state law. The regulations say nothing whatsoever about complaints brought against the State and/or the Division under Title VII in U.S. District Court.

Moreover, as this Court is aware, a waiver by the State of its sovereign immunity must be clear and unambiguous. As the United States Supreme Court has explained: "[A] State will be deemed to have waived its immunity 'only where stated 'by the most express language or by such

---

[1] Plaintiff argues only that individuals may be sued under Title VII for retaliation, not for discrimination. As discussed infra at 10-11, this argument is spurious.

2

overwhelming implication from the text as [will] leave no room for any other reasonable construction.` ... Likewise, in determining whether Congress in exercising its Fourteenth Amendment powers has abrogated the States' Eleventh Amendment immunity we have required 'an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-40 (1985). The federal statutes and regulations cited by plaintiff say nothing about a State's Eleventh Amendment immunity and certainly do not contain "express language," or any language for that matter, of a waiver. And, a work-share agreement with the EEOC, which is simply a contract, cannot as a matter of law or fact constitute an express waiver by Congress.

Finally, in an even more bizarre (and contradictory) argument, plaintiff contends that these defendants do possess Eleventh Amendment immunity, but that they somehow waived it by not asserting it during the EEOC process. See Pl.'s Opp'n at 13. Plaintiff cites no legal authority for this argument. Nor can she: As the United States Supreme Court has found, not only must a waiver be explicit, a State need not "assert" its sovereign immunity at any particular time in order to preserve it, and may rely on its Eleventh Amendment protection at any time in a proceeding -- even for the first time on appeal. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 n.8 (1984).

In short, plaintiff's Section 1983 claim against the State and the Division is barred as a matter of law under the Eleventh Amendment and must be dismissed as to those defendants.

Plaintiff's Section 1983 sex discrimination claim against the former Commissioner and her Title VII sex discrimination claim against the State and the Division also fail as a matter of law. As defendants demonstrated in their motion and as plaintiff apparently now concedes, a

3

policy requiring attorneys who represent the State to maintain a professional appearance, which includes not wearing jeans, does not constitute sex discrimination under Section 1983 or Title VII. See Defendants' Memorandum of Law In Support of Their Motion to Dismiss ("Defs.' Mem.") at 9-12. And, thus, these claims must be dismissed against all of the defendants.

Recognizing that a no-jeans policy for attorneys who represent the State does not constitute sex discrimination, plaintiff changes her position and now asserts -- for the first time in her opposition brief, without having ever pled it and without evidentiary support -- that she is not challenging the dress code policy itself, but the alleged discriminatory enforcement of this policy. See Pl.'s Opp'n at 3. She argues, without any support, that Thomas Shanahan wore jeans on March 29, 2007, and that Spencer Freedman was "observed" wearing jeans after the dress code policy was implemented. Pl.'s Opp'n at 3. This Court should reject plaintiff's new-found argument.[2] But even if it is considered, it cannot save plaintiff's sex discrimination claim.

First, even if this contention were correct (which it is not), a ban on wearing jeans, even if allegedly not applied evenly to all employees, simply does not constitute an adverse employment action. See Hurst v. PNC Bank, 2004 U.S. Dist. LEXIS 7963, * 9-10 (E.D.Pa. May 5, 2004) ("To the extent that Hurst alleges discrimination from PNC allowing [other employees] to violate the dress code in their own ways while requiring him to comply fully, we hold ... that the effect

---

[2] Because this claim was not pled in the complaint, it should not be considered at this juncture, without a properly authorized motion. It should also be rejected out-of-hand because plaintiff has not, and cannot, contend that any similarly-situated man was allowed to wear jeans. As defendants have made clear, and plaintiff apparently recognizes, the policy as expressed in January, 2007, applied to Prosecutions Unit attorneys, who conduct hearings and regularly deal with the public. See Hathaway Aff. dated Feb. 29, 2007, Exs. A&B. Mr. Shanahan and Mr. Freedman were not Prosecutions Unit attorneys, and therefore their attire (which was always professional and did not include jeans) is simply irrelevant with respect to this complaint.

4

on Hurst was so insubstantial as not to constitute an 'adverse employment action.'") And, Ali v. Mount Sinai Hosp., 1996 U.S. Dist. LEXIS 8079 (S.D.N.Y. June 12, 1996), the case upon which plaintiff relies, does not change that fact. In that case, the plaintiff was counseled for wearing, inter alia, an "afro hairstyle," and a supervisor allegedly said she belonged "in a zoo." The finding of race discrimination turned on the evidence of actual comments (including the "zoo" remark) that evidenced racial animus. There is no allegation or evidence of such animus toward women here.

Second, and perhaps more damning, plaintiff herself admits that any employment action taken against her with respect to this policy was "as a result of her violation of the policy," Pl.'s Opp'n at 3 -- not because of her sex. And, even her new-found argument, that defendants "allowed homosexual men to wear jeans, but heterosexual women were not allowed to wear jeans," Pl.'s Opp'n at 7, belies her claim for discrimination based on sex which, as this Court knows, is distinct from sexual orientation under the law.

Finally, this desperate argument fails as a matter of law against the former Commissioner, as plaintiff has utterly failed to plead any facts suggesting that the former Commissioner was aware of, condoned, or was otherwise personally involved in the alleged discriminatory enforcement of the policy, as is required under Section 1983. It is well-settled that in order to state a Section 1983 claim against a State actor, the plaintiff must show that the actor was personally involved by either (1) direct participation, (2) failure to remedy a wrong after being informed, (3) creation of a policy sanctioning a violation of federal rights, (4) grossly negligent supervision of subordinates, or (5) failure to act on information that illegal acts were occurring. Hernandez v. Keane, 341 F. 3d 137, 145 (2d Cir. 2003); see also Islam v. Fischer, 2008 U.S.

5

Dist. LEXIS 19796 (S.D.N.Y. March 6, 2008) (same); Smith v. Goord, 2008 U.S. Dist. LEXIS

9958 (W.D.N.Y. Feb. 11, 2008) (same). Here, it is clear that the former Commissioner merely

issued a facially-neutral policy, and plaintiff has not alleged (and cannot allege) otherwise.

In short, the first claim must be dismissed against the State and the Division because the

Section 1981 claim has been withdrawn, the Section 1983 claim is barred as a matter of law

under the Eleventh Amendment, and the allegations asserted do not state a claim for sex

discrimination under Section 1983 or Title VII. The first cause of action must also be dismissed

against the former Commissioner as the Section 1981 claim has been withdrawn, plaintiff

concedes that the former Commissioner cannot be sued individually under Title VII, and, in any

event, the allegations asserted do not state a claim for sex discrimination under Section 1983 or

Title VII, and plaintiff has not alleged, and cannot allege, that the former Commissioner was

involved personally in any discriminatory application of the facially-neutral no-jeans policy so as

to support a Section 1983 claim against her.

## II. PLAINTIFF'S AGE DISCRIMINATION CLAIM FAILS AS A MATTER OF LAW

As defendants demonstrated in their opening brief, plaintiff's age discrimination claim

under the Age Discrimination in Employment Act ("ADEA") is barred by the Eleventh

Amendment, may not be asserted against the former Commissioner individually and, in any

event, does not, as pled, state a legally cognizable claim.

In response, plaintiff makes a convoluted and frivolous argument that the State of New

York and the Division have waived their Eleventh Amendment immunity. As addressed above,

this contention is completely without merit as a matter of law.

And, while injunctive relief against a State official in her official capacity may be

6

available under the ADEA, Pl's Opp'n at 14, this exception is inapplicable here. First, as the caption indicates, the former Commissioner, the only individual defendant, is sued only in her individual capacity, and the exception applies only where a State official is sued in her official capacity. Moreover, former Commissioner Gibson is no longer in a position to grant injunctive relief because she no longer holds a position with the Division. She resigned as of April 11, 2008. See http://www.ny.gov/governor/press/press_0408082.html. Thus, that exception simply does not, and cannot, apply here.[3]

Plaintiff's claim of age discrimination fails as a matter of law, in any event. Even assuming that the remarks attributed to the former Commissioner, as alleged in the complaint and in the affidavits improperly submitted by plaintiff,[4] were made using the precise words and in the context implied by plaintiff, they do not support a claim for age discrimination. As court after court has recognized, stray remarks or a single remark, when not made directly to plaintiff and not related to any adverse action taken against plaintiff, are simply insufficient to support a discrimination claim, as a matter of law. See generally Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 92 n.2 (2d Cir. 2001); Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001) ("the stray remarks of a decision-maker, without more, cannot prove a claim of employment discrimination...", citing Woroski v. Nashua Corp., 31 F.3d 105, 109-10 (2d Cir.

---

[3] It is baffling why plaintiff even raises this argument, as it clear that plaintiff is not seeking reinstatement: Plaintiff left the Division of her own accord after taking an unapproved extended leave of absence from the Division, and she never returned to her position, opting instead to take another position with a different State agency. Plaintiff has given no indication that she now wants to relinquish her new job to return to the Division.

[4] Indeed, as demonstrated in the motion to strike filed contemporaneously herewith, the affidavits must be disregarded on this motion to dismiss.

7

1994)).

Here, even assuming that the remark regarding hiring "young and energetic people,"
allegedly made in early February, was juxtaposed closely with an announcement of the departure
of two 60-year old women (all of which defendants deny), this remark does not refer to plaintiff
or to any actions about which plaintiff complains. Thus, it fails as a matter of law to support a
claim that the 48-year-old former Commissioner discriminated against the 40-year-old plaintiff
on the basis of her age.

In short, the second cause of action should be dismissed: Plaintiff cannot maintain an
ADEA claim against the State defendants or against the former Commissioner in her individual
capacity, and the allegations as pled and then argued simply do not state a claim for age
discrimination as a matter of well-settled law.

## III.  PLAINTIFF'S SEXUAL ORIENTATION DISCRIMINATION CLAIM FAILS AS A MATTER OF LAW

In defendant's opening brief, they made clear that plaintiff's sexual orientation
discrimination claim must be dismissed because (1) it is not cognizable under Title VII, (2) the
former Commissioner may not be sued individually under Title VII, (3) the claim as brought
under Section 1983 against the State and the Division is barred by the Eleventh Amendment,
(4) the claim as brought under Section 1983 against the former Commissioner is barred under
principles of qualified immunity, and (5) the allegations are insufficient as a matter of law to
support a claim of sexual orientation discrimination.

Plaintiff does not dispute these contentions. In fact, and as noted above, plaintiff
concedes that she has no Section 1981 claim against any of the defendants. Plaintiff now also

8

appears to concede (as she must) that Title VII does not cover discrimination on the basis of sexual orientation and that the former Commissioner cannot be sued individually under Title VII. Thus, plaintiff's sexual orientation claim under Section 1981 and Title VII must be dismissed.

Plaintiff's remaining Section 1983 sexual orientation discrimination claim also fails as a matter of law. Though she baldly asserts that this claim is properly brought under Section 1983, she fails to respond to defendants' showing that, as a matter of law, this right is not clearly established. Because the law is unsettled, the former Commissioner is entitled to qualified immunity from liability under Section 1983, as a matter of law. See Pugliese v. The Long Island R.R. Co., 2007 U.S. Dist. LEXIS 63879, *17 (E.D.N.Y. Aug. 29, 2007). In the final analysis, plaintiff recognizes that she has no federal claim based on sexual orientation discrimination, and, accordingly, this claim must be dismissed.

## IV. PLAINTIFF'S TITLE VII RETALIATION CLAIM FAILS AS A MATTER OF LAW

Plaintiff's Title VII retaliation claim is similarly deficient as a matter of law for any number of different reasons: (1) plaintiff's own allegations establish that she did not engage in protected conduct, (2) plaintiff has not alleged any facts supporting a causal connection between any allegedly protected conduct and any adverse employment action, and (3) plaintiff's legal authority supports the defendants' position that a Title VII retaliation claim may not be asserted against the former Commissioner individually.

Specifically, the Title VII retaliation claim should also be dismissed against all of the defendants for two separate and distinct reasons. First, plaintiff still fails to identify any purportedly protected conduct, except her admitted violation of Division policy prohibiting

9

wearing jeans. And, as demonstrated in defendants' opening brief, self-help defiance of an

employer's reasonable policy is not protected activity, as a matter of law. Moreover, the facts as

alleged in the complaint and in plaintiff's own brief evidence that her wearing jeans could not

have been a protest of discrimination prohibited under Title VII. Plaintiff wore jeans the very

day after the policy was announced, which was months before the only identified occasion when

she allegedly observed any men wearing jeans in violation of the indisputably neutral policy. See

Hathaway Aff. dated Feb. 29, 2007, Ex. B. Thus, plaintiff could not have been, as a matter of

fact, protesting a discriminatory implementation of the no-jeans policy. This claim fails for

either or both of these reasons.

Second, even assuming plaintiff's protest was protected activity (which of course it could

not have been), she has not pleaded -- or even argued -- a causal connection between that alleged

protest and any adverse actions. Thus, this Court should assume that plaintiff has conceded that

she cannot meet this essential element of a Title VII retaliation claim.

Plaintiff's Title VII retaliation claim against the former Commissioner fails for yet an

additional reason: The former Commissioner simply cannot be held individually liable under

Title VII for retaliation. And, the case upon which plaintiff relies supports this conclusion.

In her opposition, plaintiff finally acknowledges that the former Commissioner cannot be

held individually liable for discrimination under Title VII, but argues that individual liability may

be imposed for Title VII retaliation claims under Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir.

1995). But, Tomka stands for just the opposite proposition -- consistent with every other court

addressing this issue. In Tomka, the court was faced with both federal and state discrimination

claims against corporate defendants and individual defendants. With respect to the federal

10

Case 1:07-cv-06714-WHP    Document 27    Filed 06/20/2008    Page 16 of 20

claims, the district court dismissed them all, including the Title VII retaliation claims. On appeal, the Second Circuit reversed the district court's ruling with respect to the <u>corporate</u> defendant on the Title VII retaliation claim, but affirmed the district court's ruling with respect to the <u>individual</u> defendants on these claims, including the Title VII retaliation claim. In doing so, the Second Circuit made clear that Title VII does not provide for individual liability, even for retaliation claims: "Accordingly, we hold that an employer's agent may not be held individually liable under Title VII. The district court therefore correctly dismissed <u>Tomka</u>'s Title VII claims against Lucey, Conroy, and Polonsky." <u>Id.</u> at 1317.

This result is mandated by a plain reading of the statute, which makes clear that the issue of individual liability be treated the same for discrimination claims and for retaliation claims, as Title VII's definition of employer applies to both provisions. <u>See</u> 42 U.S.C. § 2000e(b). Plaintiff's reliance on the Supreme Court's decision in <u>Burlington Northern & Santa Fe Railway Co. v. White</u>, 548 U.S. 53 (2006), is misplaced, as she conflates and confuses the issues of who constitutes an employer with the issue of what constitutes an adverse employment action. In <u>Burlington</u>, the Supreme Court found, unremarkably, that retaliatory conduct may be broader than adverse employment actions in discrimination claims because the "language of the substantive provision differs from that of the anti-retaliation provision in important ways." 548 U.S. at 61. Specifically, the discrimination provision lists specific unlawful employment practices, such as the failure to hire, discharge, or discrimination with respect to compensation, terms or conditions of employment, while "no such limiting words appear in the anti-retaliation provision." 548 U.S. at 62. <u>See</u> 42 U.S.C. § 2000e-2(a). By contrast, the retaliation provision simply prohibits "discrimination." <u>See</u> 42 U.S.C. § 2000e-3(a). Based on established canons of

11

statutory construction, the Court concluded that where Congress used different language to
define prohibited actions, it intended different meanings. The opposite is true regarding
Congress's definition of "employer": For that term, Congress used the same term to apply to
discrimination claims and retaliation claims. Thus, both Tomka and Burlington -- the case upon
which plaintiff herself relies -- support defendants' position that the Title VII retaliation claim
against the former Commissioner fails as a matter of law.

By letter dated June 13, 2008, plaintiff seeks leave to re-assert her withdrawn retaliation
claim insofar as it is asserted under Section 1981, citing the Supreme Court's recent decision in
CBOCS West, Inc. v. Humphries, ___ U.S. ___, 2008 U.S. LEXIS 4516 (2008). While that case
may hold that a retaliation claim is cognizable under Section 1981 against private employers, it in
no way undercuts the holding of Jett v. Dallas Independent School District, 491 U.S. 701 (1989),
which makes clear that Section 1981 claims may not be asserted against State actors. Plaintiff's
desperate attempt to salvage the Section 1981 claim must therefore be soundly rejected.

## V.  PLAINTIFF'S FIRST AMENDMENT CLAIM FAILS AS A MATTER OF LAW

Plaintiff's First Amendment claim is similarly fatally flawed: According to plaintiff's
own assertions, she did not engage in any speech on a matter of public concern, as her so-called
speech occurred before she could have even known of any alleged discriminatory application of
the policy. For this simple reason, plaintiff's First Amendment claim fails.

Even assuming that any "speech" was meant to protest disparate enforcement of the
policy, the claim still fails as it would concern only plaintiff's personal preferences in clothing,
or, at most, a personal objection to how she was being treated in the workplace -- in other words,
her personal employment grievance, which cannot as a matter of law support a First Amendment

12

claim. See generally Pappas v. Giuliani, 290 F.3d 143, 152 (2d Cir. 2002); Ezekwo v. New York City Health & Hosp. Corp., 940 F.2d 775, 781 (2d Cir. 1991); Worthington v. County of Suffolk, 2007 U.S. Dist. LEXIS 52793, at \*9 (E.D.N.Y. July 20, 2007); DeFilippo v. N.Y. State Unified Court Sys., 2006 U.S. Dist. LEXIS 19640 (E.D.N.Y. March 27, 2006); Walker v. New York City Transit Auth., 2001 U.S. Dist. LEXIS 14569, at \*35 (S.D.N.Y. Sept. 19, 2001).

Plaintiff's argument that her "speech" about the dress policy may be a matter of public concern because a Division policy that contradicted the Division's anti-discrimination mandate would affect the general public and may "chill" Division employees' willingness to enforce anti-discrimination laws is simply ridiculous. First, plaintiff has not alleged that she engaged in any speech that called attention to any systemic discrimination at the Division. Second, whether speech is a matter of public concern is determined by the subject matter of the speech, and not its effects on other persons.

In short, plaintiff, by her own account, has not engaged in any protected speech, and her First Amendment claim must be dismissed.

## VI. THIS COURT SHOULD REJECT PLAINTIFF'S BELATED AND IMPROPER REQUEST TO AMEND HER SECOND AMENDED COMPLAINT YET AGAIN

Recognizing that her complaint -- as pled initially and as amended twice -- states no cause of action against any of the defendants, plaintiff now argues, in an opposition brief, for yet another opportunity to amend her complaint to add a claim under the State Human Rights Law ("HRL"), N.Y. Exec. Law § 296. Pl.'s Opp'n at 15. This improper request should be rejected out of hand.

First, plaintiff has not properly sought permission to amend, as she has not made a motion

13

to amend her Second Amended Complaint or submitted a proposed amended pleading, as required under the federal rules. See Roskam Baking Co. v. Lanham Machinery Co., 288 F.3d 895, 906 (6th Cir. 2002); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1279-80 (D.C. Cir. 1994).

Second, since all of the federal claims should be dismissed, this Court cannot assume supplemental jurisdiction over any unpleaded State law claims. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); Valencia v. Lee, 316 F.3d 299, 305 (2d Cir. 2003); Robison v. Via, 821 F.2d 913, 925 (2d Cir. 1987). Third, the request should be rejected because amendment would be futile. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Here, plaintiff's age, sex, and sexual orientation claims under the HRL fail as a matter of law. Any such claims against the State and the Division are barred by the Eleventh Amendment. See Heba v. N.Y. State Div. of Parole, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007); Rumain v. Baruch College of the City Univ. of N.Y., 2007 U.S. Dist. LEXIS 36964, at *6 (S.D.N.Y. May 17, 2007). Plaintiff cannot have a claim against an individual (in this case, the former Commissioner) absent the liability of the principal, and here the claim against the Division is devoid of merit and should be dismissed. Moreover, the allegations here cannot support a claim of individual liability for aiding and abetting under the HRL. See Virola v. XO Communs., Inc., 2008 U.S. Dist. LEXIS 30413, at *67 (E.D.N.Y. April 15, 2008); DeWitt v. Lieberman, 48 F. Supp. 2d 280, 294 (S.D.N.Y. 1999); Hicks v. IBM, 44 F. Supp. 2d 593, 600 (S.D.N.Y. 1999).

Fourth and finally, for the same reasons discussed with respect to plaintiff's claims under federal law, plaintiff has failed to plead any facts that state a plausible claim of age, sex, or sexual orientation discrimination against any of the defendants.

14

For any or all of these reasons, plaintiff's improper request to amend her complaint yet

again should be denied.

## CONCLUSION

FOR THE FOREGOING REASONS, THE SECOND
AMENDED COMPLAINT SHOULD BE DISMISSED
IN ITS ENTIRETY.

Dated: New York, New York
June 20, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
 State of New York
Attorney for Defendants
By:

*Barbara K Hathaway*

BARBARA K. HATHAWAY
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8560

BARBARA K. HATHAWAY
Assistant Attorney General
 of Counsel

15